COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| OLIPHANT FINANCIAL L.L.C., | § | No. 08-08-00145-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. One |
| STEPHEN L. HILL, | § | of Dallas County, Texas |
| Appellee. | § | (TC# CC-07-11845-A) |
| | § | |

**O P I N I O N**

This is an appeal from the court's order dismissing Oliphant Financial L.L.C.'s suit to recover on amounts due for failure to pay on a revolving credit account for want of prosecution.

**BACKGROUND**

On August 15, 2007, Appellant (Oliphant) filed its suit against Stephen L. Hill[1] to recover an amount due for failure to pay on a revolving credit account. Pursuant to Rule 165a of the Texas Rules of Civil Procedure and the court's procedures, in a letter dated August 17, 2007, the court set the case for dismissal hearing for November 16, 2007.[2] On November 16, 2007, a second letter notice of a 165a dismissal hearing set for December 7, 2007 was sent to Appellant. On November 17, 2007, Appellant made substituted service. The record shows that Hill neither answered nor appeared. On December 7, 2007, the court gave letter notice of a third dismissal hearing pursuant

_____

[1] Hill did not file a brief.

[2] Appellant has attached the court's procedures to its supplemental brief. We have taken judicial notice of the court's procedures set out in the court's website www.judgedmetriabenson.com. The court's procedures require all newly filed cases be given a dismissal date 120 days after the filing date. Prior to the dismissal hearing date, the responsible party must have moved for and proved up a default judgment. Failure to do so results in a dismissal. This language is also set out in the court's letter notice.

to Rule 165a set for December 28, 2007. The record does not indicate nor does Appellant state it appeared at these hearings.[3] On December 27, 2007, Appellant filed its motion for default judgment. On December 28, 2007, a fourth notice for dismissal hearing under Rule 165a issued setting a date of January 25, 2008. Again the record does not indicate nor does Appellant argue that it appeared on January 25, 2008. On January 4, 2008, the court returned the proposed default judgment indicating deficiencies in the pleadings.[4] On January 22, 2008, Appellant filed a second motion for default judgment. On February 18, 2008, the court dismissed the cause without prejudice for two reasons: (1) failure to take action after notice of intent to dismiss for want of prosecution in accordance with a Rule 165a letter; and (2) dismissal for want of prosecution. On February 21, 2008, Appellant filed a third motion for default judgment. Appellant filed a motion to reinstate on March 17, 2008, and the court's docket sheet indicates that this motion was denied on April 16, 2008.

## DISCUSSION

In its sole issue, Oliphant maintains that it is entitled to a default judgment on liquidated damages because its pleadings support the judgment, damages were readily ascertainable, and deemed admissions supported the entry of default judgment. Oliphant maintains it is entitled to a default judgment on liquidated damages, and attorney's fees. Further, it contends that it should not have its case dismissed for want of prosecution because the trial court has additional requirements

_____

[3] The court's procedures require the responsible party appear at the dismissal hearing if process of service is not complete or if a default judgment has not been granted prior to the dismissal hearing date. A motion to retain with an affidavit of due diligence must be filed and set for hearing prior to the dismissal hearing.

[4] Under the heading "Substantive Issues," the court indicated that: (1) Petition does not give fair notice of claim against Defendant; (2) Judgment relied on causes of action that are not adequately pleaded; (3) Damages cannot be accurately calculated, no written instrument attached to petition; (4) No evidence of sale and delivery of merchandise or performance of services; (5) No evidence that the amount of the account or price charged is in accordance with an express contract or is usual, customary and reasonable; (6) No evidence of a systematic record kept and supported by an affidavit; (7) Other: RFA's (Request for Admissions) defective.

for granting default judgments beyond what is required by law.

Rule 165a allows a trial court to dismiss a case *sua sponte* when a party seeking affirmative relief fails to appear for a hearing of which it has notice or when the case is not disposed of within the time standards promulgated by the Supreme Court. TEX. R. CIV. P. 165a(1), (2); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Oliphant Financial LLC v. Angiano,* 295 S.W.3d 422, 424 (Tex. App.–Dallas 2009, no pet. h.). "In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence." *Villarreal,* 994 S.W.2d at 630.

As a general proposition, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment. *Britton v. Tex. Dept. of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.–Houston [1st Dist.] 2002, no pet.); *see also Old Republic Ins. Co. v. Sisavath*, No. 05-07-01391-CV, 2008 WL 4695491, at *2 (Tex. App.–Dallas Oct. 27, 2008, no pet.) (mem. op.). If an appellant fails to do so, then we must affirm the ruling or judgment. *Britton*, 95 S.W.3d at 681. This proposition is predicated upon the understanding that if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then we must accept the validity of that unchallenged independent ground; thus, any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment. *Id.*

In its supplemental brief, Oliphant states that "certain opinions have seemed to indicate that parties must secure a hearing before they are entitled to challenge the denial of a default judgment on appeal." Appellant then argues that a hearing is unnecessary because the trial court does not allow hearings on default judgments unless specified by the court.

Appellant does not address the trial court's two reasons for dismissal: (1) it failed to take

action after notice of intent to dismiss for want of prosecution in accordance with a Rule 165a letter and; (2) for want of prosecution. Even if we liberally construe Oliphant's statement that the court has additional requirements for granting default judgments beyond what is required by law as somehow contesting the court's two reasons for dismissal, it is (1) unsupported by record references and (2) not supported by an explanation of how legal authorities apply to these facts. As a result, Oliphant has waived the issue through inadequate briefing. *See* TEX. R. APP. P. 38.1(h)(i); *Town of Flower Mound v. Teague*, 111 S.W.3d 742, 766 (Tex. App.–Fort Worth 2003, pet. denied). Further, by inadequately briefing the two grounds for dismissal, Oliphant has effectively failed to challenge independent grounds in support of the trial court's ruling. *Crown Asset Mgmt. L.L.C. v. Savage*, No. 05-07-01475-CV, 2009 WL 2414482, at *1 (Tex. App.–Dallas Aug. 7, 2009, no pet. h.). Accordingly, we overrule Oliphant's sole issue on appeal.

## CONCLUSION

We affirm the court's order dismissing the motion for default judgment.


GUADALUPE RIVERA, Justice

March 10, 2010

Before McClure, J., Rivera, J., and Chew, Judge
Chew, Judge, sitting by assignment