COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARIA O. ARELLANO AND JOSEFA A. ARELLANO, | § | No. 08-08-00341-CV |
| | § | |
| Appellants, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 5 |
| | § | |
| MARTHA MAGANA AND FRANCISCO MAGANA, | | of El Paso County, Texas |
| | § | |
| | | (TC# 2002-4641) |
| Appellees. | § | |

**O P I N I O N**

Appellants, Maria O. Arellano and Josefa A. Arellano, appeal the trial court's judgment in favor of Appellees, Martha Magana and Francisco Magana. We affirm.

**BACKGROUND**

The factual background and proceedings are well known to the parties, and we do not recite them here in detail. An abbreviated recitation shows that after Appellees purchased a lot sold by Maria Arellano, they sued her for deceptive trade practices and breach of warranties of title when she failed to transfer title following payment of the purchase price. Appellees later obtained a judgment against Maria Arellano for $49,577.60, and recorded the judgment in the Office of Deed Records. Appellees later sought collection on the judgment by filing an application for turnover relief and petition for fraudulent transfer, requesting the trial court to levy execution on two lots. The title to both lots belonged to Maria Arellano although she claimed that she transferred title to one of the lots to Josefa Arellano. After a bench trial, the trial court found that Maria Arellano fraudulently transferred one of the lots and ordered that its title be turned over to Appellees in partial satisfaction of their judgment, and that Appellees, as judgment creditors could use the turnover

statute to order their debtor, that is, Maria Arellano, to turnover the other lot.

## DISCUSSION

On appeal, Appellants, representing themselves *pro se*, bring three issues. The first contends that the evidence is insufficient to support the trial court's findings for violations of fraudulent transfer, the second alleges that "[t]he trial court should not have submitted general damages," and the third asserts that the trial court erred by ruling for Appellees when they did not "have the proper foundations of suing." Finding their issues inadequately briefed, we overrule their complaints.

Although we recognize that Appellants are acting *pro se* and we must construe their appellate brief liberally, *see Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989), Appellants must still comply with all applicable briefing rules. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.); *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.–El Paso 2006, no pet.); *Milteer v. Western Rim. Corp.*, 303 S.W.3d 334, 335 (Tex. App.–El Paso 2009, no pet.). If that were not the case, *pro se* litigants would be afforded an unfair advantage over those represented by counsel. *Valadez*, 238 S.W.3d at 845; *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.–El Paso 2007, pet. struck).

Accordingly, on appeal, the *pro se* litigant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Indeed, the burden rests on Appellants to discuss their assertions of error. *Valadez*, 238 S.W.3d at 845. We have no duty to perform an independent review of the record and applicable law to determine whether there was error. *Id.* Therefore, when an appellate issue is unsupported by argument or contains an argument lacking citation to the record or legal authority, nothing is presented for review. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez*, 238 S.W.3d at 843; *Martinez*, 218 S.W.3d at 844; *Nguyen v. Kosnoski*, 93 S.W.3d

186, 188 (Tex. App.–Houston [14th Dist.] 2002, no pet.).

Here, Appellants' first issue merely consists of a few conclusory statements, unsupported by any recitation of the applicable standard of review for legal and factual sufficiency. Although they attack the credibility of Appellees' attorney, they fail to discuss why the evidence supporting the verdict is insufficient. Moreover, Appellants' second and third issues merely recite the issues stated without providing any discussion, argument, authority, or substantive analysis. Accordingly, we find Appellants inadequately briefed their complaints and overrule the same. *See* TEX. R. APP. P. 38.1; *Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692 (Tex. App.–Dallas 2007, pet. denied) (issue inadequately briefed when party gave general cite to one case stating elements of cause of action); *Santillan v. National Union Fire Ins. Co.,* 166 S.W.3d 823, 824 (Tex. App.–El Paso 2005, no pet.) (issue inadequately briefed when party failed to recite standard of review and merely uttered conclusory sentences); *Sterling v. Alexander*, 99 S.W.3d 793, 799 (Tex. App.–Houston [14th Dist.] 2003, pet. denied) (issue inadequately briefed when party failed to make a cogent argument).

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

April 14, 2010

Before Chew, C.J., McClure, and Rivera, JJ.