

**NUMBER 13-12-00078-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE HENRY ALANIZ GARZA, Appellant,

**v.**

THE STATE OF TEXAS, Appellee.

**On appeal from the 206th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Garza**

Appellant, Jos e Henry Alaniz Garza, was charged by indictment with theft by a public servant of property valued at $1,500.00 or more, but less than $20,000.00, a third-degree felony offense. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A), (f)(1)

(West Supp. 2011).[1] Appellant pleaded "not guilty" to the charged offense. A jury found appellant guilty, and the trial court sentenced him to ten years' imprisonment, suspended the sentence, and placed him on community supervision for a period of ten years. *See id.* § 12.34 (West 2011); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3 (West Supp. 2011). The trial court also (1) imposed a fine in the amount of $2,000.00, (2) ordered appellant to pay restitution in the amount of $9,000.00, and (3) ordered him to serve sixty days' continuous confinement in the Hidalgo County Adult Detention Center.

By two issues, appellant complains that: (1) the evidence is legally insufficient to support his conviction,[2] and (2) the trial court erred in admitting certain bank and credit card records. We affirm as modified.

## I. BACKGROUND

In 2005, appellant became the municipal judge and court supervisor for the City of La Joya, Texas. Appellant's duties included oversight of the court clerks and management of the municipal court budget.

In 2009, Rose Trevino, the finance director for La Joya, discovered that appellant was accepting cash payments and issuing manual receipts for citations, in violation of city policy. Mike Alaniz, the city administrator, admonished appellant by written memorandum that cash payments for citations should not be accepted, but if they were, computerized receipts for the payments must be generated. Nonetheless, appellant continued the practice of accepting cash payments and issuing manual receipts.

---

[1] We note that although the statute has been amended and appellant's case is governed by the prior version of the statute, the amendments are not material here, and we therefore cite to the current version of the statute.

[2] By his first two issues, which we review as one, appellant complains the evidence is legally insufficient under the "due process clause of the 14th Amendment to the United States Constitution" and "under the Due Course of Law Provision of the Texas Constitution."

2

After attempting to reconcile the manual receipt book, Trevino discovered that payments had not been applied to the actual outstanding citations. Trevino gave appellant a list of approximately ten or twelve citations which she found suspicious because the money was missing. Trevino testified that when she later attempted to locate the documents related to the suspicious citations, she found that the documents had been destroyed. Trevino and Alaniz retrieved some of the destroyed documents from the shredder box.

On March 22, 2010, Hidalgo County Sheriff's Office Investigator Juan Sifuentes was notified of a complaint by a citizen who had been arrested for an outstanding traffic citation that she had previously paid. As part of his investigation, Officer Sifuentes obtained a copy of the audit conducted by Trevino and contacted other individuals to whom manual receipts had been issued. Officer Sifuentes determined that thirty-one money orders issued by various individuals in payment for outstanding citations had been deposited into appellant's personal credit card account with HSBC Card Services.

Ever Acosta testified that he submitted two money orders in payment for citations. However, neither money order was applied to his citations. Acosta purchased a third money order, which was deposited into the City of La Joya's account. However, the funds from the third money order were not credited to Acosta's citation, but were credited toward the outstanding citations of three individuals unknown to Acosta. The State also presented testimony from another witness, Estella Mesta, that one money order that she submitted to pay for a citation was made payable to appellant's defense attorney.

## II. LEGAL SUFFICIENCY

### A. Standard of Review

3

The court of criminal appeals has held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual-sufficiency standard" and that the *Jackson* standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 902–03, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Accordingly, we review claims of evidentiary insufficiency under "a rigorous and proper application of the *Jackson* standard of review." *Id.* at 906–07, 912. Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319; *see Brooks*, 323 S.W.3d at 898–99 (characterizing the *Jackson* standard as: "Considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt"). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Anderson v. State*, 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Id.* (citing *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)). We must resolve any inconsistencies in the testimony in favor of the verdict. *Id.* (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303,

314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240).

## B.    Discussion

As defined by the hypothetically correct jury charge, the State was required to prove that: (1) from on or about June 25, 2009, to on or about February 19, 2010, (2) acting pursuant to one scheme or continuing course of conduct, (3) appellant (4) unlawfully appropriated money (5) in the amount of $1,500 or more but less than $20,000.00, (6) with the intent to deprive (7) the owner, the City of La Joya, (8) without the effective consent of the owner, (9) while acting as a public servant, (10) and while in possession or control of the property by virtue of his status as a public servant. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A), (f)(1); *Ex parte Balderrama*, 214 S.W.3d 530, 535 (Tex. App.—Austin 2006, pet. ref'd).

Although appellant complains the evidence is insufficient to support his conviction, his appellate brief devotes merely one and one-half pages of nonsensical[3] argument to this issue. Appellant does not identify which elements of the offense he contends the State has failed to establish and does not provide a single citation to the record in support of his argument. This Court has "no duty to perform an independent review of the record and applicable law to determine whether there was error." *Arellano*

---

[3] As part of his first "point of error," in one sentence, appellant complains about the egregious disclosure of confidential attorney-client communications, but fails to describe the communications or explain how any such disclosures are relevant to his legal sufficiency argument.

5

*v. Magana*, 315 S.W.3d 576, 577 (Tex. App.—El Paso 2010, no pet.). "Therefore, when an appellate issue is unsupported by argument or contains an argument lacking citation to the record or legal authority, nothing is presented for review." *Id.* Appellant's issue is inadequately briefed and is therefore overruled. *See id.*; TEX. R. APP. P. 38.1(i).

### III. ADMISSION OF EVIDENCE

By his second issue, appellant complains that the trial court erred by admitting into evidence "deposit slips from the bank and credit card records when no employees from the bank were called. Nobody had personal knowledge of the deposit slips from the bank and credit card records."

**A.     Standard of Review**

We review evidentiary rulings for abuse of discretion. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). The trial court abuses its discretion only when its decision lies "outside the zone of reasonable disagreement." *Id.*

**B.     Discussion**

As with his first issue, appellant's brief fails to include any citation to the record and fails to identify which "bank and credit card records" he is complaining of. Nonetheless, out of an abundance of caution and in our sole discretion, we will review appellant's issue.

The State introduced records from HSBC Bank Nevada, N.A. and the International Bank of Commerce via a custodian of records affidavit.[4] At trial, appellant objected on the grounds of "hearsay" and that the "proper foundation has not been laid."

---

[4] Although appellant fails to specifically identify the bank and credit card records about which he complains, presumably it is the records from the two institutions identified by the State. As the State points out in its brief, money orders from Western Union and La Lomita, Inc. were also introduced, but appellant complains only about "deposit slips" and "credit card records."

6

He also complained that he was deprived of the right to cross-examine the representative of the alleged agency that submitted and signed the affidavits.

On appeal, appellant argues that the records were admitted

> despite a total lack of personal knowledge, an inability to say the records were complete, an inability to explain large accounting errors in the records, acknowledgment that the records were prepared by another department and she had nothing to do with that department, and testifying as to authenticity, reliability and personal knowledge in a wholly conclusory nature. These admissions deprived defendant of his right to cross examination.

Appellant alleges this testimony was proferred by "Ms. Salinas"; however, no witness with the last name of Salinas testified in the case or submitted a business records affidavit.

Even if we assume, without deciding, that appellant's objections at trial comport with his complaint on appeal, we conclude the trial court did not abuse its discretion in admitting the records into evidence. The records of HSBC Bank Nevada, N.A. and the International Bank of Commerce were properly authenticated with an affidavit executed by the custodian of records for each institution. The State correctly asserts that Texas Rule of Evidence 803(6) provides a hearsay exception for records of a regularly conducted activity: The rule provides:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

TEX. R. EVID. 803(6).

7

Appellant's principal complaint is that a live witness was not presented to testify regarding the records. However, rule 803(6) clearly permits the testimony of the custodian of records to be offered by affidavit. Appellant further complains about the lack of personal knowledge of "Ms. Salinas." As noted, there was no testimony, live or otherwise, by a "Ms. Salinas." Accordingly, we will disregard this part of appellant's argument. Appellant's second issue is overruled.

## IV. MODIFICATION AND CONCLUSION

The judgment in the clerk's record states that appellant pleaded "guilty." However, the reporter's record clearly reflects that appellant pleaded "not guilty." We modify the judgment to accurately reflect the record. The rules of appellate procedure provide that an appellate court may modify the trial court's judgment and affirm it as modified. TEX. R. APP. P. 43.2(b); *see Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986) (holding that when an appellate court has the necessary data and evidence before it for modification, the judgment and sentence may be modified on appeal).

The judgment of the trial court is affirmed as modified.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
28th day of August, 2012.

8