# NO. 12-13-00272-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GUY SPARKMAN,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | | |
| *KAREN PHILLIPS, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, STANLEY SPRINGERLY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND AMY GILBREATH IN HER OFFICIAL* | § | *JUDICIAL DISTRICT COURT* |
| *CAPACITY AS DEPUTY CIVIL CLERK OF COUNTY COURT AT LAW #2, APPELLEES* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Guy Sparkman appeals the trial court's order of dismissal in his civil rights action against Karen Phillips, individually and in her official capacity as County Clerk for Smith County; Stanley Springerly, individually and in his official capacity as Smith County assistant district attorney; and Amy Gilbreath, in her official capacity as deputy civil clerk for Smith County Court at Law Number 2. In six issues, Sparkman contends the trial court's orders requiring him to furnish security and dismissing his case are void. We affirm.

## BACKGROUND

On March 20, 2012, Sparkman filed suit against Microsoft Corporation and others in Smith County Court at Law Number 2.[1] He filed an affidavit of indigency, claiming entitlement to proceed without payment of fees. The County Clerk's office refused to issue citation in the

---

[1] *Sparkman v. Microsoft Corp.*, No. 60,671-A (Co. Ct. at Law No. 2, Smith County, Tex. May 2, 2013).

absence of a court order approving waiver of the fee. On May 31, 2012, Sparkman filed suit in the 114th District Court of Smith County against Karen Phillips, individually and in her official capacity as County Clerk of Smith County; Stanley Springerly, individually and in his official capacity as assistant district attorney of Smith County; and Amy Gilbreath, in her official capacity as deputy civil clerk of County Court at Law Number 2 of Smith County. He alleged that the defendants violated his civil rights and his constitutional rights by failing to issue citation to Microsoft Corporation. He also requested a permanent injunction restraining the defendants from engaging in the complained-of "unconstitutional and illegal policies, practices, and acts."

Judge Kennedy, of the 114th District Court, recused herself in October 2012. Shortly thereafter, a visiting judge was appointed. In February 2013, Sparkman was declared a vexatious litigant in the Microsoft case. In March 2013, Sparkman filed a supplement to his petition in this case alleging additional civil rights causes of action. Further, he alleged that Phillips and Springerly conspired to deprive him of his constitutional right to meaningful access to the courts when they filed a plea in intervention and a motion for an order finding Sparkman to be a vexatious litigant in the Microsoft case. The Defendants moved for an order requiring Sparkman to furnish security in this case. Three days later, the previously appointed visiting judge recused himself.

By order dated March 27, 2013, Judge Jerry Calhoon was assigned to hear this case. Judge Calhoon granted the Defendants' motion to furnish security and, on April 25, 2013, ordered Sparkman to post security of $10,000.00 within thirty days.

Sparkman filed a motion to set aside the order to post security and, later, filed a motion to recuse the trial judge. On the same day Sparkman filed his motion to recuse Judge Calhoon, the Defendants moved to dismiss the case due to Sparkman's failure to furnish security. The trial court granted the motion and rendered an order dismissing the case with prejudice.

### TRIAL JUDGE'S AUTHORITY TO ACT

In his first issue, Sparkman contends that the orders requiring security and dismissing the case are void because Judge Calhoon had no valid authority to act in the case. He argues that Article 5, Section 11 of the Texas Constitution and Government Code Section 24.002 were violated, and that Judge Calhoon was not administered the oath of office.

2

Article 5, Section 11 of the Texas Constitution provides that a judge may not sit in a case in which he has an interest, where either of the parties may be connected to the judge, or when the judge participated in the case as counsel. TEX. CONST. art. V, § 11. Sparkman has presented no evidence that any of these situations exist in this case. Therefore, Article 5, Section 11 is inapplicable here. Government Code Section 24.002 provides that if a district judge determines on her own motion that she should not sit in a case pending in her court, she shall render a recusal order, request the presiding judge of the administrative judicial region to assign another judge to sit, and take no further action in the case. TEX. GOV'T CODE ANN. § 24.002 (West Supp. 2014). This is precisely what Judge Kennedy did. The presiding judge appointed Judge Calhoon, Senior Judge of the 349th District Court of Anderson County. Senior judges may be assigned as provided by Government Code Chapter 71. TEX. GOV'T CODE ANN. § 74.054 (West 2013). Section 24.002 was not violated.

Sparkman did not, in the trial court, raise the question of whether Judge Calhoon was administered the oath of office. Generally, error must be preserved in the trial court or it will be waived. *See* TEX. R. APP. P. 33.1. However, a challenge to a trial judge's qualifications may be raised for the first time on appeal. ***Murphy v. State***, 95 S.W3d 317, 320 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd) (op. on reh'g). Nevertheless, in the absence of any evidence that Judge Calhoon did not take his oath, and pursuant to the requirement that we indulge every presumption in favor of the regularity of proceedings, we presume that Judge Calhoon took the required oath. ***Id***. We overrule Sparkman's first issue.


## MOTION TO RECUSE

In his second issue, Sparkman contends, in part, that the order requiring security is void because the trial judge failed to follow the procedures mandated by Rule of Civil Procedure 18a after Sparkman filed his motion to recuse. In his fourth issue, Sparkman contends, in part, that the order of dismissal is void because Rule 18a required the judge to either recuse himself or refer the matter to the presiding judge, which he did not do, and he demonstrated bias by entertaining an untimely motion for security. In his fifth issue, Sparkman contends his right to due process was violated by Judge Calhoon's alleged bias.

Sparkman's motion to recuse was filed one month after the court's order requiring him to post security. In the motion, filed pursuant to Rule of Civil Procedure 18a, Sparkman alleged

that Judge Calhoon did not have authority to act in the case and that the judge "has a personal bias or prejudice against" Sparkman. Apparently, Sparkman's basis for arguing that Judge Calhoon was biased is the fact that the judge rendered an order requiring him to post security in response to a motion Sparkman claims was untimely. Sparkman filed his motion to recuse on May 28, 2013, at 10:06 a.m. At 3:37 p.m. on the same day, the Defendants filed their motion to dismiss the case for Sparkman's failure to post security. There is no indication in the record that any action was taken on the motion to recuse.

When a judge is presented with a motion to recuse, regardless of whether the motion complies with Rule 18a, he has only two options: recusal or referral of the matter to the regional presiding judge. TEX. R. CIV. P. 18a(f). The judge does not have the option of denying the motion to recuse or of doing nothing. *In re Norman*, 191 S.W.3d 858, 862 (Tex. App.–Houston [14th Dist.] 2006, orig. proceeding); *Johnson v. Pumjani*, 56 S.W.3d 670, 672 (Tex. App.– Houston [14th Dist.] 2001, no pet.). However, a trial judge's failure to comply with Rule 18a can be harmless where the record demonstrates that the trial judge was not biased. *DeLeon v. Aguilar*, 127 S.W.3d 1, 6 (Tex. Crim. App. 2004) (orig. proceeding).

Here, in his motion, Sparkman argued that there is no provision in law for Judge Calhoon to be assigned, the judge has no authority to act, and he is biased. We have already discussed Sparkman's meritless allegation that Judge Calhoon cannot be assigned and has no authority to act in this case. Sparkman alleged that Judge Calhoon demonstrated bias by ruling against Sparkman on a motion that was not timely filed. Judicial rulings alone almost never constitute a valid basis for a recusal motion because they cannot show reliance upon an extrajudicial source and can rarely evidence the degree of favoritism or antagonism required when no extrajudicial source is involved. *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L.Ed.2d 474 (1994); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (per curiam). Furthermore, a court may declare a party a vexatious litigant on its own motion. *In re Douglas*, 333 S.W.3d 273, 283-84 (Tex. App.–Houston [1st Dist.] 2010, pet. denied). If the trial court determines the plaintiff is a vexatious litigant, the trial court is required to order the plaintiff to furnish security. TEX. CIV. PRAC. & REM. CODE ANN. § 11.055 (West 2002). Therefore, it cannot be said that the order requiring security was in response to an untimely motion. Further, where, as here, the reporter's record of the hearing is not included in the appellate record, we presume the evidence, if any, supports the trial court's ruling. *Nelkin v. Panzer*, 833 S.W.2d

4

267, 268 (Tex. App.–Houston [1st Dist.] 1992, writ dism'd w.o.j.). Accordingly, because the record shows no bias, Judge Calhoon's failure to either recuse himself or refer the matter to the presiding judge is harmless error. *See DeLeon*, 127 S.W.3d at 6. We overrule Sparkman's fifth issue. We also overrule his second and fourth issues to the extent they complain of the trial court's failure to follow the procedures mandated by Rule of Civil Procedure 18a.

## MOTION TO FURNISH SECURITY

In his second issue, Sparkman contends, in part, that the order to furnish security is void because the motion was not timely and the defendants did not file a motion to find him a vexatious litigant. In his third issue, Sparkman asserts that the order requiring security is void because Judge Calhoon refused to perform his ministerial duty to apply the law when presented with an untimely motion. In his fourth issue, Sparkman contends, in part, that the order of dismissal is void because it is based on a void order to furnish security. He also complains that the judge failed to conduct a hearing on the motion to dismiss.

As explained above, the trial court may, sua sponte, declare a party to be a vexatious litigant, in which case the ninety-day time frame for filing a motion does not apply. *See In re Douglas*, 333 S.W.3d at 283-84. The trial court is still required to order the party to furnish security. TEX. CIV. PRAC. & REM. CODE ANN. § 11.055. Under these circumstances, no motion is required at all. If the plaintiff does not post security by the deadline, the trial court must dismiss the litigation. TEX. CIV. PRAC. & REM. CODE ANN. § 11.056 (West 2002). The statute does not require a hearing to be held before the trial court dismisses the case for failure to comply with the order to furnish security. Accordingly, we overrule Sparkman's third issue and his second and fourth issues to the extent they complain that the order to furnish security and the order of dismissal are void.

## EQUAL PROTECTION

In his sixth issue, Sparkman asserts that the order requiring security and the order of dismissal are void because Judge Calhoon knowingly and intentionally violated his constitutional right to equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution. He contends that the record demonstrates "a series of official actions in the trial court that are plainly and blatantly invidious discrimination." Contrary to the requirements of the Texas Rules of Appellate Procedure, he does not include any citations to the record where

5

we can find the referenced complained-of actions. *See* TEX. R. APP. P. 38.1(i). Rule 38 requires a party to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. ***Daniel v. Falcon Interest Realty Corp.***, 190 S.W.3d 177, 189 (Tex. App.–Houston [1st Dist.] 2005, no pet.). Conclusory statements are insufficient. *See* ***Arellano v. Magana***, 315 S.W.3d 576, 577 (Tex. App.–El Paso 2010, no pet.). A pro se litigant is required to comply with applicable laws and procedure. ***Mansfield State Bank v. Cohn***, 573 S.W.2d 181, 184-85 (Tex. 1978). Because Sparkman has failed to comply with the rules, he has waived the alleged error and we overrule his sixth issue.

## DISPOSITION

Because Sparkman has shown no reversible error, we ***affirm*** the trial court's order of dismissal.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 18, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2015**

**NO. 12-13-00272-CV**

**GUY SPARKMAN,**
Appellant
V.
**KAREN PHILLIPS, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, STANLEY SPRINGERLY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND AMY GILBREATH IN HER OFFICIAL CAPACITY AS DEPUTY CIVIL CLERK OF COUNTY COURT AT LAW #2,**
Appellees

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 12-1560-B)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the order of the court below.

It is therefore ORDERED, ADJUDGED and DECREED that the dismissal order of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **GUY SPARKMAN**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*