

# NUMBER 13-16-00201-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**A NEW HOPE HEALTH CARE, INC.**                                        **Appellants,**
**AND ESPERANZA PENA**

**v.**

**GISEL GARCIA,**                                                                **Appellee.**

## On appeal from the County Court at Law No. 6
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellants A New Hope Health Care, Inc. and Esperanza Pena (collectively, "New

Hope"),[1] challenge an order denying their motion to dismiss for failure to file an expert

---

[1] According to Garcia's Original Petition, Pena is the sole owner of New Hope.

report.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (West, Westlaw through 2015 R.S.).  We affirm.

## I. BACKGROUND

In early February 2013, New Hope was in the process of moving to a new office location.  Appellee Gisel Garcia, who was employed by New Hope at the time as a file clerk, claimed that she was directed to "lift and move extremely heavy boxes" of medical records as part of this process and suffered severe back injuries as a result.  Garcia further claimed that she required surgery for her injuries but that New Hope refused to pay for it.  According to Garcia's original petition, New Hope was a non-subscriber to worker's compensation at the time of her injury and also had no private insurance that would cover the cost of the surgery.

Garcia sued New Hope and Pena on April 16, 2014 for negligence and further alleged that New Hope was Pena's alter ego.  Garcia filed two amended petitions in which she added claims for breach of the duties owed to her under section 411.103 of the Texas Labor Code and the common-law duty to provide a safe workplace.  *See* TEX. LAB. CODE ANN. § 411.103 (West, Westlaw through 2015 R.S.).  On May 5, 2015, Garcia filed a partial motion for summary judgment.  The trial court granted the motion by an order dated January 28, 2016.

Several days after the trial court granted Garcia's motion for summary judgment, New Hope filed a motion to dismiss the case for Garcia's failure to file an expert report.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).  New Hope reasoned that Garcia was asserting a health care liability claim ("HCLC") because she alleged a departure from accepted standards of safety relating to health care.  *See id.* § 74.001(a)(13) (defining an HCLC) (West, Westlaw through 2015 R.S.).

2

Garcia filed a response in which she argued three grounds for the court to deny the motion: (1) her petition alleged causes of action described by section 406.033(a) of the Texas Labor Code and such claims are expressly excluded from the definition of an HCLC, *see id.*; (2) there was no "substantive nexus" between the alleged violations of safety and the provision of health care, *see Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 504 (Tex. 2015); and (3) New Hope waived its right to seek dismissal by waiting over three years and litigating the case to summary judgment.

New Hope later filed a motion for new trial in which it asserted, among several other grounds, that a new trial should be granted because Garcia had a duty to inform the court that her causes of action were HCLCs. The trial court granted New Hope's motion for new trial without stating its reasons.

The trial court later issued a separate order denying New Hope's motion to dismiss without explanation. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (authorizing an interlocutory appeal of an order denying all or part of relief sought under section 74.351(b) (West, Westlaw through 2015 R.S.)).

## II. DISCUSSION

By two issues, New Hope argues that the court's refusal to dismiss the case was an abuse of discretion because: (1) the statutory exclusion for claims described by section 406.033(a) of the Texas Labor Code does not apply because Garcia's causes of action accrued before the effective date of the exclusion; and (2) Garcia's claims fit the definition of an HCLC, and she undisputedly failed to file an expert report.

### A. Applicable Law and Standard of Review

Section 74.351(a) of the Texas Civil Practice and Remedies Code requires a party alleging an HCLC to serve an expert report on every physician or health care provider

3

who is named as a defendant. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a); *see Padre Behavioral Health Sys., LLC v. Chaney*, 310 S.W.3d 78, 82 (Tex. App.—Corpus Christi 2010, no pet.). The plaintiff must file the expert report within 120 days after each defendant's original answer is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). If an expert report is not timely filed, the defendant may file a motion to dismiss and the court must dismiss the case with prejudice. *Id.* § 74.351(b). However, the right to seek dismissal for failure to file an expert report may be waived. *See Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003); *Apodaca v. Miller*, 281 S.W.3d 123, 127 (Tex. App.—El Paso 2008, no pet.).

We review a trial court's decision to deny a motion to dismiss for failure to file an expert report for an abuse of discretion. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011). Under this standard, we defer to the trial court's factual determinations if they are supported by the evidence but review the trial court's legal determinations *de novo*. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011). When, as here, no findings of fact are filed, we will uphold the trial court's judgment on any theory supported by the record. *Rosemond*, 331 S.W.3d at 766.

### B. Analysis

As an initial matter, we first address Garcia's argument that we should affirm because New Hope did not challenge one of the grounds supporting the trial court's judgment.

"As a general proposition, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment." *Oliphant Fin. L.L.C. v. Hill*, 310 S.W.3d 76, 77 (Tex. App.—El Paso 2010, pet. denied); *see Garza v. Cantu*, 431 S.W.3d 96, 101 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). We will affirm on

any independent ground an appellant fails to challenge. *Oliphant*, 310 S.W.3d at 78. The rationale for the rule is that any error in the grounds supporting the judgment that an appellant does challenge is harmless because the unchallenged, independent ground also fully supports the judgment. *See id.*; *U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 847 (Tex. App.—Corpus Christi 2011, pet. denied). Moreover, Texas Rule of Appellate Procedure 38.3 "does not allow an appellant to include in a reply brief a new issue in response to a matter pointed out in [the] appellee's brief but not raised by the appellant's original brief." *U.S. Lawns*, 347 S.W.3d at 847; *see* TEX. R. APP. P. 38.3.

New Hope did not address the waiver argument Garcia made to the trial court until its reply brief. While New Hope makes a fully developed response to the waiver argument there, it was in response to Garcia's argument pointing out that New Hope did not address one of the grounds in support of the judgment below. The Texas Rules of Appellate Procedure do not permit New Hope to raise a new issue in its reply brief in this manner. *See U.S. Lawns*, 347 S.W.3d at 847; *see also* TEX. R. APP. P. 38.3. We conclude that New Hope did not challenge all of the independent grounds supporting the court's judgment. We further conclude that a finding of waiver would fully support the trial court's order denying the motion to dismiss. *See Jernigan*, 111 S.W.3d at 156.

New Hope responds that the record does not support Garcia's asserted ground of waiver. New Hope does not contest that Garcia argued waiver as a ground to deny New Hope's motion but asserts that the trial court was wrong to rely on waiver to support its ruling. New Hope effectively asserts that before affirming, we must first determine that an independent, unchallenged ground in support of the judgment is meritorious. For support, New Hope cites to *Longoria v. Exxon Mobil Corp.*, but the court in that case evaluated whether one of the three grounds argued to the trial court and addressed by

5

the parties supported the judgment. *See* 255 S.W.3d 174, 183 (Tex. App.—San Antonio 2008, pet. denied). The court did not mention that the appellants failed to address one of the grounds supporting the judgment in their briefing. *See id.* at 183–84. New Hope presents no authority that we must independently evaluate whether the challenged ground would survive on the merits, and we have found none. *See Arellano v. Magana*, 315 S.W.3d 576, 577 (Tex. App.—El Paso 2010, no pet.) (observing that reviewing courts have "no duty to perform an independent review of the record and applicable law to determine whether there was error"). We reject New Hope's argument that the waiver ground was not supported by the record.

In sum, we accept the validity of the unchallenged waiver ground as supporting the judgment. *See Garza*, 431 S.W.3d at 101; *U.S. Lawns,* 347 S.W.3d at 847. We overrule New Hope's two issues.[2]

### III. CONCLUSION

We affirm the trial court's order.

NORA L. LONGORIA
Justice

Delivered and filed the
1st day of September, 2016.

---

[2] Even though we do not directly address the issue, we note that the Legislature's amendment of the definition of a health care liability claim to exclude claims "described by Section 406.033(a) or 408.001(b), Labor Code" applies only to causes of action which accrued on or after September 1, 2015. *See* Act of May 24, 2015, 84th Leg., R.S., § 2, 2015 Tex. Sess. Law Serv. Ch. 728. The version of the definition without the exclusion remains in effect for cases which accrued before that date. *See id.* § 3.