**Affirmed and Memorandum Opinion filed May 5, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00659-CV

---

## BAIR HILTY, P.C. AND RONALD L. BAIR, INDIVIDUALLY, Appellants

## V.

## J.B. HUNT TRANSPORT, INC., Appellee

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2019-87550**

---

## M E M O R A N D U M   O P I N I O N

Appellants Ronald L. Bair and Bair Hilty, P.C., (collectively, "Bair") challenge the denial of their motion to dismiss under the Texas Citizens Participation Act ("the TCPA"). *See* TEX. CIV. PRAC. & REM. CODE § 27.001–.011. Because Bair failed to challenge every ground on which the trial court may have based its ruling, we affirm.

# I.

In July 2017, Appellee J.B. Hunt Transport, Inc., was interested in buying a group of companies referred to as the "Special Logistics" companies. A&G Investments, LLC d/b/a/ Special Logistics Dallas and also d/b/a Special Distribution Services DFW ("A&G") was one of these "Special Logistics" companies. A&G was then a defendant in a lawsuit alleging that an A&G employee driving a tractor-trailer caused a motor-vehicle accident resulting in a fatality as well as severe injuries to a minor. A&G's insurer retained Bair to represent A&G in that suit.

Coincidentally, Hunt also had long been a Bair client. In mid-July of 2017, Hunt telephoned Bair and the two spoke about the lawsuit. Hunt also spoke to A&G about the case, and A&G asked for Bair's evaluation of the lawsuit. On July 25, 2017, Bair wrote to A&G, "[Bair has] every expectation that the liability of [A&G], if any will be resolved within their $5 million layer of insurance." A&G shared Bair's letter with Hunt, and three days later, Hunt phoned Bair again to discuss the basis for Bair's assessment. In one of the two telephone conversations between Hunt and Bair, Hunt informed Bair that it was "looking at" acquiring the Special Logistics companies and specifically asked for Bair's estimate of a verdict range in the case. Bair repeated that it anticipated that the case would settle within A&G's $5 million of insurance. Apparently reassured, Hunt bought the assets and liabilities of the Special Logistics companies on July 31, 2017. A&G's exposure was greater than Bair had estimated, and the lawsuit settled for an amount greater than $5 million.

Hunt then sued Bair for legal malpractice and pleaded various discovery and tolling rules. In response, Bair filed a motion to dismiss the case under the TCPA. Bair alleged that Hunt's claims were based on, or in response to, Bair's exercise of the right to petition and the right of free speech and were additionally barred by limitations. Hunt responded that Bair had failed to show that Hunt's claims were

based on conduct protected by the TCPA, and in any event, Hunt's claims fell within the TCPA's commercial-speech exemption and the exemption as to statements made regarding an action seeking recovery for bodily injury, wrongful death, or survival. Hunt further argued that limitations had not run on its claims, for which Hunt had clear and specific evidence establishing a prima facie case. Bair's reply challenged each of Hunt's arguments, and Hunt's sur-reply offered additional evidence to establish a prima facie case of legal malpractice.

The trial court denied each side's objections to the other side's evidence and denied the motion to dismiss without stating the bases for the rulings. Bair appeals the denial of its motion.

## II.

The TCPA was enacted "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. It does so by authorizing a party to file a motion to dismiss a legal action that "is based on or is in response to," among other things, a party's exercise of the right of free speech or right to petition. *Id.* § 27.003(a).

The defendant has the initial burden to show by a preponderance of the evidence that the plaintiff's legal action is "based on or is in response to" protected conduct. *Id.* § 27.005(b). If the defendant meets its initial burden, the burden shifts to the plaintiff either to establish by a preponderance of the evidence that the legal action is exempt from the Act,[1] or to establish by "clear and specific evidence a

---

[1] TEX. CIV. PRAC. & REM. CODE § 27.010 (listing exempted legal actions); *Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *10 (Tex. App.—

prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the plaintiff follows the latter approach, the defendant can still obtain dismissal by establishing "an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

Given the arguments supporting or opposing the motion raised in the trial court, the trial court may have denied the motion on any of three grounds: (1) Bair failed to show by a preponderance of the evidence that Hunt's malpractice claims are based on or in response to Bair's exercise of the right of free speech or right to petition; (2) Hunt established by a preponderance of the evidence that its claims fall within the TCPA's commercial-speech exemption or the exemption as to statements made regarding an action seeking recovery for bodily injury, wrongful death, or survival; or (3) Hunt established by clear and specific evidence a prima facie case for each element of its malpractice claims and Bair failed to prove it is entitled to judgment as a matter of law based on an affirmative defense or other grounds.

On appeal, Bair challenges the first ground by arguing that its written and oral statements about the settlement value of the suit against A&G constitute the exercise of the right to petition.[2] Bair challenges the third ground by arguing that Hunt failed to establish by clear and specific evidence a prima facie case for each element of its malpractice claims. But Bair does not challenge the second ground at all. Stated differently, Bair does not dispute on appeal that Hunt proved by a preponderance of the evidence that its malpractice claims fall within the TCPA's commercial-speech

Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.) (exemptions must be shown by a preponderance of the evidence).

[2] *See* TEX. CIV. PRAC. & REM. CODE § 27.001(4)(a)(i) (defining the exercise of the right to petition to include "a communication in or pertaining to . . . a judicial proceeding").

exemption or the exemption as to statements made regarding an action seeking recovery for bodily injury, wrongful death, or survival.

"Generally, if an appellant fails to challenge all possible grounds for a trial court's ruling, we must accept the validity of the unchallenged ground and affirm the adverse ruling." *Equistar Chems., LP v. ClydeUnion DB, Ltd.*, 579 S.W.3d 505, 512 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *accord*, *Oliphant Fin. L.L.C. v. Hill*, 310 S.W.3d 76, 77–78 (Tex. App.—El Paso 2010, pet. denied); *Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 680–81 (Tex. App.—Houston [1st Dist.] 2002, no pet.). This general rule applies to an appeal from the denial of a TCPA motion, including the failure to challenge the applicability of an exemption. *See Escondido Res. II, LLC v. Las Tinajas Minerals, Ltd.*, No. 04-20-00132-CV, 2020 WL 7753986, at \*2 (Tex. App.—San Antonio Dec. 30, 2020, no pet.) (mem. op.).

Because Bair failed to challenge the denial of its motion on this ground, we overrule Bair's first issue, in which Bair contends the trial court erred in denying the motion.[3] We affirm the trial court's order denying the motion.

/s/     Tracy Christopher
        Chief Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

---

[3] Because we accept the validity of Hunt's arguments that its claims are exempt from the TCPA, it is unnecessary to address Bair's second and third issues challenging the remaining grounds on which the trial court may have denied the motion.

5