**Opinion issued August 15, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00504-CV

———————————

## IN THE ESTATE OF BOBBY DON RILEY, DECEASED

---

### On Appeal from the County Court at Law No. 1
### Johnson County, Texas[*]
### Trial Court Case No. CC-P202124594

---

[*] The Supreme Court of Texas transferred this appeal to this Court from the Court of Appeals for the Tenth District of Texas, pursuant to its docket-equalization authority. *See* TEX. GOV'T CODE § 73.001 ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer."). We are unaware of any conflict between the precedent of the Court of Appeals for the Tenth District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

## MEMORANDUM OPINION

Sharlotte Ann Riley, the widow of Bobby Don Riley, appeals from an order denying her application to probate her late husband's will as a muniment of title. In the trial court, Sharlotte's stepdaughters, appellees Amanda Riley Price and Rachel Riley Henderson, objected to admission of the will to probate on the ground that more than four years had passed since their father's death. The trial court granted the will contest, and it denied Sharlotte's application. The trial court also issued two findings of fact regarding identification and authentication of the will, which was on file, and a single conclusion of law, holding that probate of the will failed for lack of proper offer.

On appeal, Sharlotte raises three issues challenging the findings of fact and the conclusion that the will was not properly offered. She did not challenge the trial court's ruling on the appellees' limitations objection.

We affirm.

## Background

About a month before his death, Bobby Don Riley, who had ALS, executed a will, leaving all his assets to his wife, Sharlotte, and, in the alternative, to his two daughters and two stepdaughters in equal shares. The will had a self-proving affidavit. Sharlotte was present when Bobby signed the will. Bobby's sister, Michelle Hunt, was named independent executrix. Sharlotte testified that she

received a copy of the will a couple of weeks after it was signed, and Michelle had the original. Sharlotte testified that she kept the copy of the will in the safe at her house, and she said that for the first four years after Bobby died, she believed that she had the original will.

Bobby died on September 16, 2017. At the hearing on the application to admit Bobby's will to probate, Sharlotte said that after Bobby died, she asked Michelle to about probating the will multiple times. Sharlotte testified that Michelle, who worked as an accountant or bookkeeper, assured her that they had five years to probate the will. Sharlotte said: "I trusted Michelle to know what she was doing. Her mom and dad have both passed. She took care of everything, so I would assume she would know what she was talking about." When Sharlotte and her adult daughters encountered personal adversity, communication between Sharlotte and Michelle ceased. Sharlotte said: "It got to where she wouldn't return my phone calls. She wouldn't return my texts." Sharlotte said Michelle also "had a lot of stuff going on in her life at the same time." Sharlotte did not believe that Michelle was intentionally obstructing the probate of the will.

About four years and a few weeks from the date of Bobby's death, Sharlotte consulted a lawyer. On December 15, 2021, Sharlotte filed an application to probate Bobby's will as a muniment of title. Sharlotte attached a copy of the will to her application. A little over a month later, she filed an amended application to

probate the will, along with the original will, which Sharlotte had obtained from Michelle.

Bobby's daughters, Amanda and Elizabeth, challenged the will by filing a written objection. They asserted that the application to probate the will was filed more than four years after their father's death, and that Sharlotte was in default because she knew that Michelle had no obligation to apply to probate the will and that Sharlotte had possession of a copy of the will since it was executed. They argued that Sharlotte had no legally sufficient excuse for failing to probate the will or a copy within four years of Bobby's death.

The trial court held a hearing on the application to probate Bobby's will. Sharlotte was the sole witness, and no documents or exhibits were admitted into evidence. At the end of the hearing, the court stated on the record that it would deny probate of the will because there was no will offered or authenticated in the hearing. The court also stated that there was no testimony about the identity of the heirs and whether they were properly served. On March 8, 2022, the trial court signed an order granting the appellees' objection and denying probate of the will. The trial court entered the following findings of fact and conclusions of law:

1. The will contained in the Court's file was never identified by any witness who testified on the record.

2. The signature on the will contained in the Court's file was never authenticated as the decedent's signature by any witness who testified.

4

Therefore, the probate of the will fails for lack of proper proffer.

**Analysis**

On appeal, Sharlotte raises three issues. She asserts: (1) the trial court erred by requiring identification of both the will, which the court recognized was on file, and the testator's signature; (2) the trial court's findings were not supported by legally sufficient evidence; and (3) if the court erred, the proper remedy is remand for a determination of whether she was in default for applying to probate the will more than four years after Bobby's death.

The evidence at the hearing supports the trial court's findings that the will in the court's file was not identified by a testifying witness, and the signature on the will was not identified by a testifying witness. Only Sharlotte testified at the hearing, the will was not admitted as evidence, and Sharlotte was not asked to identify the will or the signature of her late husband. We need not address Sharlotte's issue about whether she properly offered the will, however, because even if Sharlotte were to prevail on her issue, we would nevertheless affirm the trial court's order.

A reviewing court must uphold a correct trial court judgment on any legal theory properly before the trial court. *See Guar. Cnty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986) ("We must uphold a correct lower court judgment on any legal theory before it, even if the court gives an incorrect reason for its

judgment."); *Est. of Jones*, 197 S.W.3d 894, 901 (Tex. App.—Beaumont 2006, pet. denied) (same). "As a general proposition, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment." *Oliphant Fin. L.L.C. v. Hill*, 310 S.W.3d 76, 77–78 (Tex. App.—El Paso 2010, pet. denied) (citing *Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.)); *see Reynolds v. Hargrave*, No. 10-19-00255-CV, 2020 WL 5939049, at *5 n.3 (Tex. App.—Waco Aug. 26, 2020, no pet.) (mem. op.) (following *Oliphant*). "If an appellant fails to do so, then we must affirm the ruling or judgment." *Oliphant*, 310 S.W.3d at 78 (citing *Britton*, 95 S.W.3d at 681). This proposition is predicated upon the understanding that if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then we must accept the validity of that unchallenged independent ground; thus, any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment. *Oliphant*, 310 S.W.3d at 78; *Britton*, 95 S.W.3d at 681.

Here, the trial court granted the will contest filed by Bobby's daughters, Amanda and Rachel. *See* TEX. EST. CODE § 55.001 (stating that person interested in estate may oppose issue in probate proceeding by filing opposition in writing). They asserted that Sharlotte failed to file her application to probate Bobby's will as

a muniment of title within four years of Bobby's death and that she could not prove she was not in default. *See id.* § 256.003(a) ("[A] will may not be admitted to probate after the fourth anniversary of the testator's death unless it is shown by proof that the applicant for the probate of the will was not in default in failing to present the will for probate on or before the fourth anniversary of the testator's death"); *id.* § 257.054 (specifying proof needed for admission of will to probate as muniment of title, including that "four years have not elapsed since the date of the testator's death and before application"); *see also Marshall v. Est. of Freeman*, No. 03-20-00449-CV, 2022 WL 1273305, at \*2 n.4 (Tex. App.—Austin Apr. 29, 2022, no pet.) (mem. op.) (reversing admission of will as muniment of title more than four years after testator's death when "no evidence support[ed] a conclusion that Executor acted reasonably diligently in probating the will as a muniment of title upon discovering the will" and during year after attorney told him of need for probate).

Sharlotte failed to challenge the trial court's ruling sustaining the appellees' objections based on limitations and default. In the trial court and on appeal, Sharlotte argued that she was not in default because she relied on Michelle's representation that she had five years to probate Bobby's will and because Michelle had possession of Bobby's original will. She further argued that the trial court did not reach the default issue because it determined that Sharlotte had not

7

identified the will that was on file with the court or identified Bobby's signature on it. We disagree. The trial court's order granted the objection to probate, which was expressly based on Sharlotte's failure to apply for probate within four years and lack of excuse for her default. Sharlotte has not provided us with any authority or analysis on this issue. *See* TEX. R. APP. P. 38.1.

Moreover, Sharlotte testified that she knew Bobby's will existed because she was present when he signed it, she had a copy of the will that she believed was the original, she repeatedly asked Michelle about probating the will, and she knew that Michelle was not an attorney. While Texas courts have liberally permitted proponents to offer a will as muniment of title after the expiration of the four-year limitations period, they have done so only when the proponent has demonstrated that she acted with reasonable diligence and offered evidence of circumstances such as reliance on the erroneous advice of counsel or a belief that probate was unnecessary, coupled with evidence of concern about the cost of probate. *See, e.g.*, *Est. of Calvillo*, No. 05-16-00661-CV, 2017 WL 462353, at *6–7 (Tex. App.—Dallas Jan. 26, 2017, no pet.) (mem. op.) (finding that proponent was not in default when she relied on attorney who failed to promptly tend to her legal matter; proponent was not bound by acts and omissions of her attorneys); *Est. of Hammack*, No. 12-15-00246-CV, 2016 WL 1446083, at *3–4 (Tex. App.—Tyler Apr. 13, 2016, no pet.) (mem. op.) (holding that fact issue defeated summary

judgment when proponent argued that he was not in default because he lacked resources to probate will and did not know that probate was required); *Est. of Allen*, 407 S.W.3d 335, 341 (Tex. App.—Eastland 2013, no pet.) (holding that proponent was not in default where she relied on attorney's erroneous advice that probate was not necessary); *Est. of Perez*, 324 S.W.3d 257, 263 (Tex. App.—El Paso 2010, no pet.) (holding that proponent was not in default based on her limited financial resources, limited educational background, and belief that attorney had taken care of matter); *Poppe v. Poppe*, No. 01-08-00021-CV, 2009 WL 566490, at *4 (Tex. App.—Houston [1st Dist.] Mar. 5, 2009, no pet.) (mem. op.) (noting that default in timely filing for probate of will means failure due to "absence of reasonable diligence" by party offering instrument); *Chovanec v. Chovanec*, 881 S.W.2d 135, 137 (Tex. App.—Houston [1st Dist.] 1994, no writ) (holding that fact issue defeated summary judgment when proponent did not know he had to probate will, believed property to be his separate property, and had been paid royalties on mineral leases by third parties who never raised issue of proper title). The evidence here shows that Sharlotte believed that probate was necessary, but she relied on erroneous legal advice from a person whom she knew was not a lawyer.

The trial court's ruling granting the appellees' objection, which was based on limitations, independently supports the trial court's denial of probate.

Accordingly, we must affirm the trial court's order. *See Oliphant*, 310 S.W.3d at 78; *Britton*, 95 S.W.3d at 681.

## Conclusion

We affirm the trial court's order.

Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Countiss