Alejandro SANTILLAN, Appellant,

v.

NATIONAL UNION FIRE INSURANCE COMPANY,
Appellee.

No. 08–04–00101–CV.

Court of Appeals of Texas,
El Paso.

June 9, 2005.

Monty B. Roberson, El Paso, for Appellant.

Chantel Crews, El Paso, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

### OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's granting of a "no evidence" summary judgment against Appellant. For the reasons stated herein, we affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant has appealed from the granting of Appellee's "no evidence" summary judgment. Appellant is an injured worker who filed a claim for worker's compensation benefits requesting supplemental in-

come benefits pursuant to the Texas Labor Code. After exhaustion of his administrative remedies and denial of his claim, he filed his Original Petition requesting judicial review. Appellee filed its first motion for summary judgment which was denied. Appellee filed its second motion for summary judgment on January 5, 2004. The trial court granted the second motion on March 31, 2004. The trial court entered a general order granting the summary judgment without specifying the grounds. Appellant filed a notice of appeal. Appellant has appealed, raising one issue.

## II. *ISSUE ON APPEAL*

Appellant presents the following as his sole issue, "[w]hether Commission Rule 130.102 over rides [sic] recovery of workers' compensation benefits pursuant to § 408.001 of the Texas Labor Code." The issue does not clearly complain of the erroneous action of the trial court. The issue as worded and argued does not attack the merits of the granting of the motion for summary judgment, and further, the issue does not adequately present error for review by this Court. Appellant's brief consists of a one-page argument labeled "Summary of the Argument and Argument." Appellant cites no cases, provides no record cites, and only cites to one statute, Section 408.001 of the Texas Labor Code, though the cite as included is incorrectly quoted. The argument in the brief, contained in less than one page, consists of three paragraphs. Paragraph one states, "[t]he Trial Court erred in failing Appellant the right to pursue his claim to benefits." Paragraph two attempts to quote Section 408.001 of the Texas Labor Code but is nonsensical as presented. Paragraph three consists of three sentences which in substance state that the trial court's dismissal of Appellant's claim provides that Appellant has no remedy available for his claim. Appellant's brief is woefully inadequate and does not even minimally comply with the Texas Rules of Appellate Procedure for appropriate briefing of an appellate issue.

The issue on appeal must "state concisely all issues or points presented for review." Tex.R.App. P. 38.1(e). The brief "must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief" "with appropriate citations to authorities and to the record." Tex.R.App. P. 38.1(g) and 38.1(h). Rule 38 requires Appellant to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 711 (Tex. App.-Amarillo 1998, no pet.). This is not done by merely uttering brief conclusory statements, unsupported by legal citations. *Tesoro*, 106 S.W.3d at 128. Appellant does not present any case law or argument to support his unclear contention that he has a valid cause of action. Appellant cites no cases and presents no argument regarding the appropriate standard of review applicable to this case. Appellant presents no argument regarding any evidence which should have been considered by the trial court in rebuttal of Appellee's motion. By presenting such attenuated, unsupported argument, Appellant waives his complaint.

Issue No. One is thus waived for inadequate briefing. *See* Tex.R.App. P. 38.1(h); *Stephens. v. Dolcefino*, 126 S.W.3d 120, 125–26 (Tex.App.-Houston [1st.Dist.] 2003, pet. filed); *Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 755 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Because Appellant's issue is not properly briefed or argued, we overrule his issue.

Having overruled Appellant's issue on review, we affirm the judgment of the trial court.

CHEW, J., not participating.