NO. 07-05-0389-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 29, 2006


______________________________



THOMAS M. PARKER, M.D., 



 Appellant


v.



VAN E. COPPEDGE and NANCY COPPEDGE, 



 Appellees

_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-521,201; HON. SAM MEDINA, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Appellant, Thomas M. Parker, M.D. (Parker), acting pro se, appeals from a post-
answer default judgment entered against him in favor of appellees Van E. Coppedge and
Nancy Coppedge (the Coppedges). The latter had sued Parker and others for medical
malpractice. The claims against the others were either settled or dismissed, and only that
against Parker remained for hearing. When the cause ultimately came for trial, Parker
failed to appear. Rather, he opted to attend a medical seminar in San Francisco,
California. (1) Six issues are before us. Through them, the doctor complains of 1) his
improper joinder in the lawsuit, 2) "[m]alice against [him], 3) "[p]ayment for liabililty
insurance by Covenant," 4) denial of his special exceptions, 5) "no covenant with" other
parties sued or "power or right to control the needle holder that perforated Coppedge's
heart," and 6) the alleged bias or prejudice of the trial judge in holding trial at a time
conflicting with his San Francisco seminar. We affirm the judgment of the trial court. 

 Parker argues all of his issues together and cites no legal authority supporting any
of them. Nor does he cite to any evidence proffered at the trial, though he does allude to
excerpts of his deposition. (2) Furthermore, his arguments are conclusory and without
development or explanation. 

 A brief must contain a clear and concise argument for the contentions made with
appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). To comply
with this mandate, one must not only cite to the record and to authority but proffer more
than mere conclusory argument to support his issues. Santillan v. National Union Fire Ins.
Co., 166 S.W.3d 823, 824 (Tex. App.-El Paso 2005, no pet.). Moreover, the failure to
comply with Rule 38.1(h) constitutes inadequate briefing and results in the waiver of the
complaint. Sunnyside Feedyard, L.C. v. Metropolitan Life Ins. Co., 106 S.W.3d 169, 173
(Tex. App.-Amarillo 2003, no pet.); Moser v. Davis, 79 S.W.3d 162, 170 (Tex.
App.-Amarillo 2002, no pet.). Because of the omitted citation to authority and the record
and the conclusory nature of his argument, Parker's brief failed to comply with Rule
38.1(h). And, that he may be acting pro se matters not for such litigants too are bound by
the Rules of Appellate Procedure. Holt v. F. F. Enterprises, 990 S.W.2d 756, 759 (Tex.
App.-Amarillo 1998, pet. denied). 

 Finally, like defects were present in his first attempt at an appellant's brief. Upon
receiving that document, the court notified him of the deficiencies and afforded him
opportunity to correct them via the submission of another brief. The brief now before us
is the result of that opportunity. 

 Due to the missing citation and conclusory nature of his argument, we hold that
Parker failed to abide by Rule 38.1(h) and waived the issues proffered. Accordingly, we
overrule them and affirm the judgment.


 Per Curiam
1. Parker does not assert that he lacked notice of the hearing.
2. Parker did not obtain a reporter's record of the evidence tendered at trial. Allegedly, the record was
both too expensive and unnecessary to his appeal. In the absence of a reporter's record, we must presume
that the evidence before the trial court was adequate to support the decision. Bryant v. United Shortline Inc.
Assur. Services, N.A., 972 S.W.2d 26, 31 (Tex. 1998); Bloyed v. General Motors Corp., 881 S.W.2d 422, 430
(Tex. App.-Texarkana 1994), aff'd, 916 S.W.2d 949 (Tex. 1996). We apply this rule at bar because many
of the allegations appearing in his brief are factual and relate to matters that most likely would have been
involved at trial.