NO. 07-05-0389-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 29, 2006

_____

THOMAS M. PARKER, M.D.,

Appellant

v.

VAN E. COPPEDGE and NANCY COPPEDGE,

Appellees

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-521,201; HON. SAM MEDINA, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Appellant, Thomas M. Parker, M.D. (Parker), acting *pro se*, appeals from a post-answer default judgment entered against him in favor of appellees Van E. Coppedge and Nancy Coppedge (the Coppedges). The latter had sued Parker and others for medical malpractice. The claims against the others were either settled or dismissed, and only that against Parker remained for hearing. When the cause ultimately came for trial, Parker failed to appear. Rather, he opted to attend a medical seminar in San Francisco,

California.[1]  Six issues are before us.  Through them, the doctor complains of 1) his improper joinder in the lawsuit, 2) "[m]alice against [him], 3) "[p]ayment for liabililty insurance by Covenant," 4) denial of his special exceptions,  5) "no covenant with" other parties sued or "power or right to control the needle holder that perforated Coppedge's heart," and 6) the alleged bias or prejudice of the trial judge in holding trial at a time conflicting with his San Francisco seminar.  We affirm the judgment of the trial court.

Parker argues all of his issues together and cites no legal authority supporting any of them.  Nor does he cite to any evidence proffered at the trial, though he does allude to excerpts of his deposition.[2]  Furthermore, his arguments are conclusory and without development or explanation.

A brief must contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record.  TEX. R. APP. P. 38.1(h).  To comply with this mandate, one must not only cite to the record and to authority but proffer more than mere conclusory argument to support his issues. *Santillan v. National Union Fire Ins. Co.,* 166 S.W.3d 823, 824 (Tex. App.–El Paso 2005, no pet.).  Moreover, the failure to comply with Rule 38.1(h) constitutes inadequate briefing and results in the waiver of the complaint.  *Sunnyside Feedyard, L.C. v. Metropolitan Life Ins. Co.,* 106 S.W.3d 169, 173 (Tex. App.–Amarillo 2003, no pet.); *Moser v. Davis,* 79 S.W.3d 162, 170 (Tex.

---

[1]Parker does not assert that he lacked notice of the hearing.

[2]Parker did not obtain a reporter's record of the evidence tendered at trial.  Allegedly, the record was both too expensive and unnecessary to his appeal.  In the absence of a reporter's record, we must presume that the evidence before the trial court was adequate to support the decision. *Bryant v. United Shortline Inc. Assur. Services, N.A.,* 972 S.W.2d 26, 31 (Tex. 1998); *Bloyed v. General Motors Corp.,* 881 S.W.2d 422, 430 (Tex. App.—Texarkana 1994), *aff'd,* 916 S.W.2d 949 (Tex. 1996).  We apply this rule at bar because many of the allegations appearing in his brief are factual and relate to matters that most likely would have been involved at trial.

App.–Amarillo 2002, no pet.). Because of the omitted citation to authority and the record and the conclusory nature of his argument, Parker's brief failed to comply with Rule 38.1(h). And, that he may be acting *pro se* matters not for such litigants too are bound by the Rules of Appellate Procedure. *Holt v. F. F. Enterprises,* 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

Finally, like defects were present in his first attempt at an appellant's brief. Upon receiving that document, the court notified him of the deficiencies and afforded him opportunity to correct them via the submission of another brief. The brief now before us is the result of that opportunity.

Due to the missing citation and conclusory nature of his argument, we hold that Parker failed to abide by Rule 38.1(h) and waived the issues proffered. Accordingly, we overrule them and affirm the judgment.

Per Curiam