COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RICK MILTEER, | § | No. 08-08-00124-CV |
| Appellant, | § | Appeal from the |
| v. | § | 219th District Court |
| WESTERN RIM CORPORATION AND | § | |
| WESTERN RIM PROPERTY | | of Collin County, Texas |
| MANAGEMENT, | § | (TC#219-526-07) |
| Appellees. | § | |

## O P I N I O N

Appellant, Rick Milteer, appeals the trial court's rendition of summary judgment in favor of

Appellees, Western Rim Corporation and Western Rim Property Management ("Rim"), in Milteer's

suit against Rim for premises liability and gross negligence. Finding Appellant failed to adequately

brief his issues, we determine that nothing is presented for review and therefore affirm the trial

court's judgment.

## BACKGROUND

The factual background and proceedings are well known to the parties, and we do not recite

them here in detail. An abbreviated recitation shows that when Appellant moved into his apartment

on July 9, 2006, his wife and the leasing consultants manually opened the leased garage door since

the remote was not working. Later that day, the garage door closed on Appellant, causing injuries.

After Appellant filed his petition alleging premise liability and gross negligence, Rim filed

answers, denying his allegations, and claimed the incident was unavoidable or unforeseeable, or

caused by the acts or omissions of Appellant or some other party. Rim later filed a motion for

summary judgment, and Appellant responded. After notice of hearing, the trial court granted summary judgment in favor of Rim.

## DISCUSSION

Appellant, appearing *pro se*, contends in three issues that the trial court's decision to sanction him was retaliatory, that the trial court failed to consider his summary-judgment evidence, and that the trial court improperly denied his request to continue the case before final judgment was entered. We need not reach any of Appellant's complaints as we find them inadequately briefed.

Initially, we recognize that Appellant is acting *pro se* on appeal, and that we must construe his appellate brief liberally. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). However, the law is well-settled that a party proceeding *pro se* must comply with all applicable procedural rules. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.); *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.–El Paso 2006, no pet.); *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.–Amarillo 2000, no pet.); *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.–Texarkana 1997, no pet.); *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.–Dallas 2007, no pet.). If that were not the case, *pro se* litigants would be afforded an unfair advantage over those represented by counsel. *Valadez*, 238 S.W.3d at 845; *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.–El Paso 2007, pet. struck); *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied). Therefore, on appeal, the *pro se* litigant must properly present his case. *Valadez*, 238 S.W.3d at 845; *Martinez*, 218 S.W.3d at 844; *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.–Dallas 2004, pet. denied); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.–Amarillo 2003, pet. denied).

The rules of appellate procedure require Appellant's brief to contain "a clear and concise

argument for the contentions made, with appropriate citations to authorities and to the record." TEX.

R. APP. P. 38.1(i). When the appellate issue is unsupported by argument or lacks citation to the

record or legal authority, nothing is presented for review. *Republic Underwriters Ins. Co. v.*

*Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez*, 238 S.W.3d at 843; *Martinez*, 218

S.W.3d at 844; *Plummer*, 93 S.W.3d at 931; *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex.

App.–Houston [14th Dist.] 2002, no pet.). As we noted in *Valadez*:

> It is the Appellant's burden to discuss her assertions of error. An appellate court has no duty – or even right – to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party.

*Valadez*, 238 S.W.3d at 845 (citations omitted).

Here, Appellant provided no record citations for any of his issues. Moreover, his first and

third issues are merely brief conclusory statements unsupported by legal citations. And his second

issue, although containing legal authority for the standard of review and applicable law on premises

liability, provided no discussion or argument of the cases cited or explanation of how those cases

supported his specific contentions. We therefore overrule his complaints as inadequately briefed.

*See* TEX. R. APP. P. 38.1; *Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692 (Tex. App.–Dallas 2007,

pet. denied) (issue inadequately briefed when party gave general cite to one case stating elements of

cause of action); *Sterling v. Alexander*, 99 S.W.3d 793, 799 (Tex. App.–Houston [14th Dist.] 2003,

pet. denied) (issue inadequately briefed when party failed to make proper citations to authority or the

record and in failing to make a cogent argument); *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646

(Tex. App.–Houston [1st Dist.] 2002, no pet.) (issue inadequately briefed when party did little more

than summarily state his point of error, without citations to legal authority or substantive analysis);

3

*Velasquez v. Waste Connections, Inc.*, 169 S.W.3d 432, 436 (Tex. App.–El Paso 2005, no pet.) (issue inadequately briefed when argument did not contain any references to relevant cases or legal principles).

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

December 16, 2009

Before McClure, J., Rivera, J., and Chew, Judge
Chew, Judge sitting by assignment

4