COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



MARIA O. ARELLANO AND JOSEFA
A. ARELLANO,


 Appellants,


v.


MARTHA MAGANA AND FRANCISCO
MAGANA,


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00341-CV



Appeal from the


County Court at Law No. 5


of El Paso County, Texas


(TC# 2002-4641)


O P I N I O N


 Appellants, Maria O. Arellano and Josefa A. Arellano, appeal the trial court's judgment in
favor of Appellees, Martha Magana and Francisco Magana. We affirm.

BACKGROUND


 The factual background and proceedings are well known to the parties, and we do not recite
them here in detail. An abbreviated recitation shows that after Appellees purchased a lot sold by
Maria Arellano, they sued her for deceptive trade practices and breach of warranties of title when
she failed to transfer title following payment of the purchase price. Appellees later obtained a
judgment against Maria Arellano for $49,577.60, and recorded the judgment in the Office of Deed
Records. Appellees later sought collection on the judgment by filing an application for turnover
relief and petition for fraudulent transfer, requesting the trial court to levy execution on two lots. 
The title to both lots belonged to Maria Arellano although she claimed that she transferred title to
one of the lots to Josefa Arellano. After a bench trial, the trial court found that Maria Arellano
fraudulently transferred one of the lots and ordered that its title be turned over to Appellees in partial
satisfaction of their judgment, and that Appellees, as judgment creditors could use the turnover
statute to order their debtor, that is, Maria Arellano, to turnover the other lot.

DISCUSSION

 On appeal, Appellants, representing themselves pro se, bring three issues. The first contends
that the evidence is insufficient to support the trial court's findings for violations of fraudulent
transfer, the second alleges that "[t]he trial court should not have submitted general damages," and
the third asserts that the trial court erred by ruling for Appellees when they did not "have the proper
foundations of suing." Finding their issues inadequately briefed, we overrule their complaints.

 Although we recognize that Appellants are acting pro se and we must construe their appellate
brief liberally, see Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989), Appellants must
still comply with all applicable briefing rules. See Valadez v. Avitia, 238 S.W.3d 843, 845 (Tex.
App.-El Paso 2007, no pet.); Sweed v. City of El Paso, 195 S.W.3d 784, 786 (Tex. App.-El Paso
2006, no pet.); Milteer v. Western Rim. Corp., 303 S.W.3d 334, 335 (Tex. App.-El Paso 2009, no
pet.). If that were not the case, pro se litigants would be afforded an unfair advantage over those
represented by counsel. Valadez, 238 S.W.3d at 845; Martinez v. El Paso County, 218 S.W.3d 841,
844 (Tex. App.-El Paso 2007, pet. struck).

 Accordingly, on appeal, the pro se litigant's brief must contain "a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App.
P. 38.1(i). Indeed, the burden rests on Appellants to discuss their assertions of error. Valadez, 238
S.W.3d at 845. We have no duty to perform an independent review of the record and applicable law
to determine whether there was error. Id. Therefore, when an appellate issue is unsupported by
argument or contains an argument lacking citation to the record or legal authority, nothing is
presented for review. Republic Underwriters Ins. Co. v. Mex-Tex, Inc., 150 S.W.3d 423, 427 (Tex.
2004); Valadez, 238 S.W.3d at 843; Martinez, 218 S.W.3d at 844; Nguyen v. Kosnoski, 93 S.W.3d
186, 188 (Tex. App.-Houston [14th Dist.] 2002, no pet.).

 Here, Appellants' first issue merely consists of a few conclusory statements, unsupported by
any recitation of the applicable standard of review for legal and factual sufficiency. Although they
attack the credibility of Appellees' attorney, they fail to discuss why the evidence supporting the
verdict is insufficient. Moreover, Appellants' second and third issues merely recite the issues stated
without providing any discussion, argument, authority, or substantive analysis. Accordingly, we find
Appellants inadequately briefed their complaints and overrule the same. See Tex. R. App. P. 38.1;
Kupchynsky v. Nardiello, 230 S.W.3d 685, 692 (Tex. App.-Dallas 2007, pet. denied) (issue
inadequately briefed when party gave general cite to one case stating elements of cause of action);
Santillan v. National Union Fire Ins. Co., 166 S.W.3d 823, 824 (Tex. App.-El Paso 2005, no pet.)
(issue inadequately briefed when party failed to recite standard of review and merely uttered
conclusory sentences); Sterling v. Alexander, 99 S.W.3d 793, 799 (Tex. App.-Houston [14th Dist.]
2003, pet. denied) (issue inadequately briefed when party failed to make a cogent argument).

CONCLUSION

 The trial court's judgment is affirmed.



 GUADALUPE RIVERA, Justice

April 14, 2010


Before Chew, C.J., McClure, and Rivera, JJ.