**AFFIRM; and Opinion Filed December 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

___

### No. 05-14-01361-CV

___

### STEPHAN GONZALEZ, JESSIE GONZALEZ, AND LENA MARTINEZ D/B/A MARTINEZ OFFICE SOLUTIONS AND NOTARY SERVICES, Appellants
### V.
### STEPHANIE GONZALEZ, Appellee

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-04009**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Lang-Miers

This case concerns three commercial properties in Dallas, Texas owned by appellee Stephanie Gonzalez. Stephanie filed suit against members of her family and a notary after Stephanie learned that two fraudulent deeds had been filed purporting to transfer title to her properties first from Stephanie to her brother and then from Stephanie's brother to her uncle. After a nonjury trial during which witnesses from both sides testified, the trial court found in favor of Stephanie. With respect to Stephanie's claim for declaratory judgment and trespass to try title, the trial court declared the two deeds at issue to be null and void. With respect to Stephanie's claim for violation of Texas Civil Practice and Remedies Code section 12.002 (relating to fraudulent claims against real property) against her father, appellant Stephan Gonzalez, the trial court awarded Stephanie $10,000 in actual damages and $25,000 in punitive

damages. And with respect to Stephanie's civil conspiracy claim, the trial court awarded Stephanie $10,000 in actual damages jointly and severally against (i) Stephan, (ii) Stephanie's uncle, appellant Jessie Gonzalez, and (iii) the person who notarized the deeds, appellant Lena Martinez d/b/a Martinez Office Solutions and Notary Services.

In seven issues on appeal appellants argue that (1) the trial court "erred in failing to dismiss, setting, and trying the cases after it was non-suited," and (2) the evidence is insufficient to support Stephanie's claim for civil conspiracy against Jessie and Lena. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We resolve appellants' issues against them and affirm.

### APPELLANTS' FIRST ISSUE

In their first issue appellants argue that the trial court erred when it failed to dismiss Stephanie's case after it was nonsuited. Appellants' complaint arises from the following exchange that occurred after counsel stated their appearances on the record at the beginning of a trial setting in October 2013:

THE COURT: Prior to going on to the record, the Court informed counsel that it was ready to proceed on the trial that is scheduled for this morning. I understand from you, Mr. Tafel [counsel for Stephanie], that you are nonsuiting the plaintiff's claims, correct, sir?

MR. TAFEL: Correct, Your Honor.

. . . .

THE COURT: . . . Is there anything further that we need to make a record about, counsel?

MR. TAFEL: No, Your Honor.

On appeal, appellants argue that it was an abuse of discretion to subsequently try the case in June 2014 and render judgment in favor of Stephanie because Stephanie's oral motion for nonsuit immediately "extinguished" her claims.

–2–

We must first determine the threshold issue of whether appellants preserved their complaint for appellate review. *See In re A.B.P.*, 291 S.W.3d 91, 97 (Tex. App.—Dallas 2009, no pet.). Generally, to preserve a complaint for appellate review, a party must timely present the complaint to the trial court and seek a ruling on the complaint. *See* TEX. R. APP. P. 33.1(a) (as prerequisite to presenting complaint for appellate review, record must show (1) party presented timely request, motion, or objection to trial court sufficient to make trial court aware of complaint, and (2) trial court ruled or refused to rule); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003). "Without a proper presentation of the alleged error to the trial court, a party does not afford the trial court the opportunity to correct the error." *Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 476 (Tex. App.—Dallas 2003, pet. denied). In this case, not only did appellants not object when the case was reinstated, they affirmatively indicated that they did not object. As a result, this issue was not preserved for appellate review.

Even if this issue had been preserved for our review, however, we would resolve it against appellants. The record shows that immediately after Stephanie's counsel told the trial court that Stephanie was nonsuiting her claims, (1) Stephanie addressed the court off the record and told the trial court that she did not want to nonsuit her claims, and (2) appellants' counsel indicated that he did not object to a reinstatement:

> THE COURT: We are back on the record[.] After the Court went off the record earlier and Mr. Tafel indicated that he was nonsuiting the plaintiff's claim in the above cause number, the Court was advised by Ms. Gonzalez, who appeared in open court and advised the Court that she had not given the authorization for the nonsuiting of her case. Accordingly, the Court is reinstituting her case, and I understand that, Mr. Tafel, you have no opposition to same; is that correct, sir?

> MR. TAFEL: That's correct, Your Honor.

> THE COURT: And Mr. Perez [counsel for appellants], I further understand you have no opposition under the circumstances to the Court reinstating the nonsuited matter, correct, sir?

–3–

MR. PEREZ:  I have no objection if the Court has—[Stephanie] has that authority and the Court can withdraw the notice of nonsuit. . . .

It is well settled that a plaintiff's right to take a voluntary pretrial nonsuit of the plaintiff's claims "is absolute and cannot be denied." *Griffin v. Miles*, 553 S.W.2d 933, 935 (Tex. App.—Houston [14th Dist.] 1977, writ dism'd by agr.).  As a result, as a general rule, a nonsuit extinguishes the plaintiff's claims immediately. *See, e.g.*, *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding) (per curiam) ("Granting a nonsuit is a ministerial act, and a plaintiff's right to a nonsuit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, sought affirmative relief.")  But in this case, the motion for nonsuit was essentially a misstatement by Stephanie's counsel made without his client's authority.  Moreover, counsel for both sides indicated that they did not oppose a reinstatement.  We resolve appellants' first issue against them.

## APPELLANTS' REMAINING ISSUES

In their remaining six issues, combined into one argument in their brief, appellants appear to challenge the legal and factual sufficiency of the evidence supporting Stephanie's civil conspiracy claim against Jessie and Lena.  Appellants phrase their issues as follows (including duplicate issues V and VI):

II.  There is no evidence that Jessie Gonzalez was involved in any meeting of the minds to accomplish any unlawful purpose or lawful purpose by unlawful means.

III.  There is insufficient evidence that Jessie Gonzalez was involved in any meeting of the minds to accomplish any unlawful purpose or lawful purpose by unlawful means.

IV.  It is against the great weight and preponderance of the evidence to find that Jessie Gonzalez was involved in any meeting of the minds to accomplish any unlawful purpose or lawful purpose by unlawful means.

V.  Lena Martinez was involved [sic] in any meeting of the minds to accomplish any unlawful purpose or lawful purpose by unlawful means.

–4–

VI.   Lena Martinez was involved [sic] in any meeting of the minds to accomplish any unlawful purpose or lawful purpose by unlawful means.

VII.  It is against the great weight and preponderance of the evidence to find that Lena Martinez was involved in any meeting of the minds to accomplish any unlawful purpose or lawful purpose by unlawful means.

With respect to these six issues, appellants' entire argument is limited to four sentences contained in a single paragraph:

> [Stephanie] has failed to sustain her burden of proof as to an essential element of conspiracy, i.e. a meeting of the minds to accomplish an unlawful purpose by unlawful means or lawful purpose by unlawful means. Schlumberger Well Sur. Corp. vs. Nortex Oil and Gas Corp., 435 SW2d 854 (Tex. 1968). Great National Life Ins. Co. v. Capa, Tex 377 S.W. 2d 632 (Tex. 1964). [Stephanie] must establish that [Jessie and Lena] had actual knowledge the fraudulent making or recording of a deed was to occur. (Schlumberger, supra). There is no evidence of such actual knowledge. Alternatively there is insufficient evidence thereof and/or such a finding would be against the great weight and preponderance of the evidence.

Under our rules of appellate procedure an appellant's brief must contain a clear and concise argument that includes appropriate citations to legal authority and to the appellate record. See TEX. R. APP. P. 38.1(i). Appellants have not met that requirement. Although they generally cite to two cases, they do not cite to a specific page or proposition within those cases or otherwise explain why those cases are relevant. Appellants also do not identify or discuss the appropriate standard of review, nor do they cite the appellate record or identify or analyze any of the evidence presented in the trial court. Appellants also do not refer to or analyze any of the trial court's findings of fact or conclusions of law. As a result, appellants' remaining issues present nothing for our review. See id.; see also Bolling v. Farmers Branch Indep. Sch. Dist., 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) ("Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or another."); Santillan v. Nat'l Union Fire Ins. Co., 166 S.W.3d 823, 824 (Tex. App.—El Paso 2005, no pet.) (complaint waived on appeal because

appellant did not discuss applicable standard of review or facts and authorities supporting complaint).

**CONCLUSION**

We resolve appellants' issues against them and affirm the trial court's judgment.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

141361F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEPHAN GONZALEZ, JESSIE
GONZALEZ, AND LENA MARTINEZ
D/B/A MARTINEZ OFFICE SOLUTIONS
AND NOTARY SERVICES, Appellants

No. 05-14-01361-CV      V.

STEPHANIE GONZALEZ, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-04009.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Stephanie Gonzalez recover her costs of this appeal from
appellants Stephan Gonzalez, Jessie Gonzalez, and Lena Martinez D/B/A Martinez Office
Solutions and Notary Services.

Judgment entered this 29th day of December, 2015.