

# NUMBER 13-24-00026-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

REGINALD BROWDER,                                                    Appellant,

v.

BRYAN-COLLEGE STATION
HABITAT FOR HUMANITY, INC.,                                          Appellee.

## ON APPEAL FROM THE 361ST DISTRICT COURT
## OF BRAZOS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Peña**

This case concerns the foreclosure sale of certain real property (the Property)

pursuant to a deed of trust held for the benefit of appellee Bryan-College Station Habitat

for Humanity, Inc. (Habitat).[1] By six issues which we reorder and construe as five, appellant Reginald Browder, appearing pro se on appeal, argues that the trial court erred when it (1) granted Habitat's no-evidence motion for summary judgment, (2) granted Habitat's traditional motion for summary judgment, (3) failed to explicitly rule on Browder's pending motions before granting summary judgment, (4) granted the Guerra Days Law Group's motion for withdrawal of counsel, and (5) granted "double attorney's fees." We affirm.

## I.    BACKGROUND

### A.    Procedural History

On October 22, 2020, Browder filed suit against Habitat with three causes of action: (1) suit to quiet title; (2) wrongful foreclosure; and (3) debt collection violation. Browder's original petition alleged that the chain of title was clouded because "Habitat improperly foreclosed the Property without legally foreclosing on [his] interest." Browder further alleged that Habitat "failed to properly conduct a foreclosure on [his] interest in the Property" and that Habitat's "conduct violate[d] common law debt collection and unfair debt collection practices" because Habitat "foreclosed the Property on a significantly higher amount than [Browder] contends was owed on the Property." Habitat filed an answer on December 23, 2020, generally denying all allegations in Browder's petition.

On May 9, 2022, the trial court granted a motion for withdrawal of counsel by Browder's original counsel, the Guerra Days Law Group (Guerra). On August 11, 2022, attorney Javier Martinez filed an appearance as attorney of record for Browder.

---

[1] This appeal was transferred from the Tenth Court of Appeals pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §73.001. We are required to follow the precedent of the transferor court to the extent it differs from our own. TEX. R. APP. P. 41.3.

On May 23, 2023, Habitat filed a traditional and a no-evidence motion for summary judgment. Browder filed his respective responses on August 17, 2023. On November 1, 2023, the trial court held a hearing on the summary judgment motions. Subsequently, the trial court signed separate orders granting Habitat's traditional and no-evidence motion for summary judgment which dismissed Browder's petition with prejudice and ordered him to pay $17,347.50 in attorney's fees. This appeal followed.

**B.      Summary Judgment Evidence**

In support of its traditional motion, Habitat included the affidavit of Andy York, Habitat's Executive Director. York averred that Habitat was granted a purchase money mortgage lien against the Property by deed of trust. Attached in support was a copy of said deed of trust. The deed shows that on June 29, 2006, Regina Denise Graham acquired the Property by deed of trust from Habitat. The deed of trust expressly reserved Habitat's right to foreclose the purchase money mortgage lien should "[Regina Denise Graham] default[] on the Note or fail[] to perform any of [Regina Denise Graham's] obligations." York also testified that Browder's interest in the Property is claimed under a general warranty deed. Attached in support was a copy of said deed. The deed was notarized on August 1, 2013, and recorded on February 29, 2016. It shows that Ashley Graham granted Browder an undivided one-half interest in the Property by general warranty deed.[2] York further testified that Habitat foreclosed its lien on July 7, 2020, which divested Browder of any interest in the Property. Attached in support was a copy of the foreclosure sale deed, which confirms that "all of the" Property was granted, sold, and

---

[2] Browder's petition alleges that Regina Denise Graham's interest was transferred to her children Ashley Graham and Terrance Graham by affidavits of heirship filed on June 7, 2013. However, we note there is no evidence in the record establishing this fact.

3

conveyed to Habitat.

In Browder's response, he attached a personal affidavit. Browder testified that he acquired his interest in the Property in 2013. Browder further testified that around May of 2020, he contacted Habitat about paying off the mortgage on the Property. Habitat told Browder that $75,000 was owed, which he claims was an "incorrect accounting." Browder responded with a counteroffer of $35,000, which was rejected. Browder included a copy of the email correspondence with Habitat detailing this exchange. Also attached was the notice of foreclosure sale that was sent to Ashley Graham on June 15, 2020.

## II.     NO-EVIDENCE AND TRADITIONAL MOTIONS FOR SUMMARY JUDGMENT

In his first and second issues, Browder argues that the trial court erred by granting Habitat's no-evidence and traditional motion for summary judgment because he produced evidence raising a genuine issue of material fact for his claims.

### A.     Standard of Review and Applicable Law

"We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). "To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel." *Id.* "The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record." *Id.*; TEX. R. APP. P. 38.1. Bare assertions of error, without argument or authority, waive error. *Washington*, 362 S.W.3d

4

at 854. When a party fails to adequately brief a complaint, he waives the issue on appeal. *Id.*

"We review the granting of a motion for summary judgment de novo." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Evidence is considered in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *Id.*; *see Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).

When a court grants both traditional and no-evidence summary judgment motions, the appellate court first considers the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the no-evidence motion. TEX. R. CIV. P. 166a(i); *Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023). In other words, the nonmovant must respond to a no-evidence motion by presenting more than a scintilla of probative evidence on each challenged element. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrel Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). The evidence does not create an issue of material fact if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014) (quoting *Ridgway*, 135 S.W.3d at 601).

When a no-evidence motion for summary judgment is combined with a traditional motion for summary judgment, the evidence attached to the traditional motion may be considered in determining the existence of a fact issue. *Long v. Riedel*, 710 S.W.3d 381, 388 (Tex. App.—Fort Worth 2025, no pet.); *see also Hawes v. Link Ministries, Inc.*, No. 07-18-00407-CV, 2020 WL 4723176, at *3 (Tex. App.—Amarillo Aug. 13, 2020, pet. denied) (mem. op.). When the trial court's order granting summary judgment does not specify the grounds relied upon, we affirm if any of the summary judgment grounds are meritorious. *Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 806 (Tex. 2009). If the nonmovant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails. *Merriman*, 407 S.W.3d at 248.

## B.    Wrongful Foreclosure

Habitat's no-evidence motion alleged that Browder is unable to produce any evidence for each element of his wrongful foreclosure claim. "To prevail in a wrongful foreclosure suit, a party must establish (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price." *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 569 (Tex. App.—Amarillo 2013, pet. denied) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.)); *Duncan v. Hindy*, 590 S.W.3d 713, 723 (Tex. App.—Eastland 2019, pet. denied).

We begin by addressing whether there is a fact issue regarding a grossly inadequate selling price. "Before the valuation can be said to be grossly excessive, the assessed value must be so far above the fair cash market value as to shock a correct

6

mind and thereby raise a presumption that the valuation was fraudulent or does not represent a fair and conscientious effort . . . to arrive at the fair cash market value." *Coastal States Petroleum Co. v. Corpus Christi Indep. Sch. Dist.*, 707 S.W.2d 206, 210 (Tex. App.—Corpus Christi–Edinburg 1986, writ ref'd n.r.e.) (quoting *Pierce v. City of Jacksonville*, 403 S.W.2d 512, 517 (Tex. App.—Tyler 1966, writ ref'd n.r.e.)); *see also Moreno v. Valencia*, No. 13-23-00404-CV, 2025 WL 1074956, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 10, 2025, no pet.) (mem. op.). The consideration paid at foreclosure sale must be compared with or balanced against the fair market value of the property at the time of the sale to determine whether it shows the consideration received is grossly inadequate. *Gainesville Oil & Gas Co. v. Farm Credit Bank of Tex.*, 847 S.W.2d 655, 663 (Tex. App.—Texarkana 1993, no writ); *see also Moreno*, 2025 WL 1074956, at *3.

In his summary judgment responses, Browder put forth no evidence establishing the fair market value of the Property. Furthermore, Browder put forth no evidence establishing the sale price. Browder argued that Habitat "chose not to accept the amount [he] proposed even though it was higher than the balance presented in the last [notice of foreclosure sale]." Browder attached an email exchange with Habitat's counsel in which he offered to purchase the Property for $35,000 before the foreclosure sale. However, the notice of foreclosure sale sent to Ashley Graham provides only that "[t]he total amount due on this indebtedness as of June 15, 2020, is $20,804.32 plus attorney's fees, trustee fees, and other costs of repossession and costs of sale. . . . Additionally, unpaid amounts for property taxes and insurance premiums are delinquent and owing to [Habitat]." There is nothing in the record indicating what the total debt owed actually was. Browder further argued that at the foreclosure sale, "it appears the opening bid was at $27,900.00."

7

However, in the foreclosure sale deed, the only reference to the amount of $27,900.00 is found here:

> By a Deed of Trust . . . REGINA DENISE GRAHAM, as Grantor . . . conveyed to JON MILLER, as Trustee, certain property hereinafter described for the purpose of securing and enforcing payment of the indebtedness and obligations therein described . . . including but not limited to (1) a note described In the Deed of Trust, which note was in the original principal sum of **$27,900.00**, executed by REGINA DENISE GRAHAM and is payable to the order of BRYAN-COLLEGE STATION HABITAT FOR HUMANITY, INC., a Texas nonprofit corporation . . .; (2) all renewals and extensions of the note; and (3) any and all then present and future indebtedness of REGINA DENISE GRAHAM to Beneficiary.

The $27,900 figure in this paragraph clearly references the original note amount found in the 2006 deed of trust, not an "opening bid" at the foreclosure sale. Outside a later reference to the "Highest Bid", the foreclosure sale deed provides no specific sale price.

Whether the sales price was grossly inadequate cannot be ascertained because there is no summary judgment evidence indicating the Property's fair market value or the foreclosure sale price. *See Gainesville Oil & Gas Co.*, 847 S.W.2d at 663 ("Necessarily and logically, to determine whether the price paid at the foreclosure sale was grossly inadequate, the fair cash market value of the land at the time of sale must be established."). Thus, we conclude that Browder failed to produce more than a scintilla of evidence demonstrating the second element of his wrongful foreclosure claim. Consequently, Browder has failed to raise evidence establishing each and every element of said claim.[3] *See* TEX. R. CIV. P. 166a(i); *Montenegro*, 419 S.W.3d at 569; *Wal-Mart Stores, Inc.*, 663 S.W.3d at 576. Accordingly, we conclude the trial court did not err in granting Habitat's no-evidence summary judgment with respect to Browder's wrongful

---

[3] Because Browder failed to produce evidence for the second element of his wrongful foreclosure claim, we decline to address his arguments pertaining to the other elements. *See* TEX. R. APP. P. 47.1.

foreclosure claim, and we need not address the traditional summary judgment arguments. *See Merriman*, 407 S.W.3d at 248.

## C.      Debt Collection Violation

In its no-evidence motion, Habitat argued that Browder "has no evidence to show any collection efforts directed towards [Browder] by [Habitat], much less any efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm."[4] In turn, Browder argues that there has been a history of "harassment and taunts which continues today."

"Unreasonable collection is an intentional tort." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.). The elements for an unreasonable collection claim are "not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case." *Id.* Conduct that can give rise to the tort generally include "efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Id.*

Browder argues that he provided evidence of unreasonable collection "in the form of an email, testimony, and other correspondence." As previously mentioned, Browder attached email correspondence showing that Habitat rejected his offer of $35,000 to pay off the mortgage. The only other evidence Browder provided was two emails sent by Habitat's counsel on March 8, 2021:

Good afternoon Mr. Browder,

---

[4] Browder's petition entitled his third cause of action as "debt collection violation," alleging that Habitat's "conduct violates common law debt collection and unfair debt collection practices." The parties' summary judgment arguments and appellate briefing construe and analyze Browder's petition as alleging a common law claim for unreasonable collection efforts. *See generally EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.) (defining the elements for unreasonable collection efforts). We thus analyze this issue as such. *See Moran v. Williamson*, 498 S.W.3d 85, 93 (Tex. App.— Houston [1st Dist.] 2016, pet. denied) ("In the absence of special exceptions, the petition should be construed liberally in favor of the pleader.")

> We have received your filing. You beat all. You would argue with a stump. Guess we will have to just keep winning for you to learn. Have a great day!
>
> . . . .
>
> Have a good afternoon. Please do not call our office again.

As a preliminary matter, Habitat's emails on March 8, 2021, cannot be considered conduct relating to debt collection since they were sent eight months *after* the foreclosure sale had occurred. Assuming without deciding that they could be considered conduct relating to debt collection, we have found no caselaw, nor does Browder provide us with any, which would support a finding that such communications were a "course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Id.*; *see also Deubler v. Bank of N.Y. Mellon*, No. 07-13-00221-CV, 2015 WL 3750312, at *5 (Tex. App.—Amarillo June 15, 2015, pet. denied) (mem. op.) (concluding no facts were presented to support a finding that defendants "'engage[d] in a course of harassment that was willful, wanton, malicious, and intended to inflict' [the plaintiff] with 'mental anguish and bodily harm'" based on plaintiff's affidavit that he received conflicting communications from a debt collector); *Lease Acceptance Corp. v. Hernandez*, 13-18-00598-CV, 2020 WL 1181248, at *5 (Tex. App.—Corpus Christi–Edinburg Mar. 12, 2020, no pet.) (mem. op.) (concluding that a single letter referencing a valid debt does not amount to "unreasonable collection").

Thus, Browder failed to produce more than a scintilla of evidence demonstrating each and every element of his unreasonable collection claim. *See* TEX. R. CIV. P. 166a(i); *Wal-Mart Stores, Inc.*, 663 S.W.3d at 576. Accordingly, we conclude the trial court did not err in granting Habitat's no-evidence summary judgment with respect to Browder's unreasonable collection claim and we need not address the traditional summary judgment

arguments. *See Merriman*, 407 S.W.3d at 248.

**D.     Suit to Quiet Title**

In its no-evidence motion, Habitat challenged the existence of a fact issue as to each element for Browder's suit to quiet title. The elements in a suit to quiet title are (1) plaintiff has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the defendant's claim, though facially valid, is invalid or unenforceable. *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied). "[T]he plaintiff must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

We begin by addressing whether Habitat's claim is invalid or unenforceable. *See Vernon*, 390 S.W.3d at 61. Browder argues that the foreclosure sale, and consequently Habitat's deed, are invalid because the trustee did not comply with Texas Property Code § 51.002(i). Section 51.002(i) requires the notice of sale served on a debtor to include the name and address of the sender along with language that warns the debtor to assert their rights if they are a member of the armed forces. TEX. PROP. CODE ANN. § 51.002(i). Browder also argues that Habitat's claim is invalid because the notice of sale "did not appoint a substitute trustee" in violation of Texas Property Code § 51.0076(3). *See* TEX. PROP. CODE ANN. § 51.0067 (requiring specific language in the notice of sale when it appoints a substitute trustee to make the substitution effective).

However, Browder's briefing on this issue states only that Habitat's "claim to the property is unenforceable as a matter of law, and [he] has an interest in the [P]roperty"

11

because Habitat "violated Texas Property Code [§] 51.0076(3) and [§] 51.002(i)." Browder fails to provide case law, legal analysis, or point to any evidence in the record to support his contentions. Both arguments fail because Browder fails to make a "clear and concise argument for the contentions made." TEX. R. APP. P. 38.1(i); *see Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010, no pet.) ("[W]e have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. Appellant's argument should also explain why the law stated in the cited authorities is applicable to the facts of the case and why it supports the party's position." (citation omitted)); *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) (noting that appellate courts "are not required to search the record for a scintilla of evidence raising a material fact issue without more specific guidance.").

Browder also argues that the trial court's granting of Habitat's no-evidence and traditional motion for summary judgment violates his right to a jury trial under the Seventh Amendment and Texas Constitution. *See* U.S. CONST. amend. VII; TEX. CONST. art. I, § 15. The issue is not preserved for our review because Browder failed to raise a constitutional objection at trial, *see Holden v. Holden*, 456 S.W.3d 642, 653 (Tex. App.—Tyler 2015, no pet.), and only alleged constitutional violations without any legal analysis. *See Santillan v. Nat'l Union Fire Ins. Co.*, 166 S.W.3d 823, 824 (Tex. App.—El Paso 2005, no pet.) (issue inadequately briefed when party failed to recite standard of review and merely uttered conclusory sentences).

Accordingly, we conclude the trial court did not err in granting Habitat's no-evidence summary judgment with respect to Browder's suit to quiet title and we need not

address the traditional summary judgment arguments. *See Merriman*, 407 S.W.3d at 248. We overrule Browder's first and second issues.

### III.    PENDING MOTIONS

In his third issue, Browder argues that the trial court violated Texas Government Code §§ 22.220 and 52.041(a) by failing to rule on his pending motions before granting Habitat's motions for summary judgment. Browder also complains that the trial court's actions violated the Fourteenth Amendment of the Constitution.

Here, the record shows that Browder's second request for production, motion to extend discovery, and motion to compel the removal of Habitat's counsel were not expressly ruled on before the trial court granted Habitat's motions for summary judgment. However, besides a general citation to the Texas Government Code and Constitution with conclusory statements of error, Browder's briefing on this issue consists of one paragraph on one page that fails to cite any case law or authority that explains how the trial court's grant of summary judgment without explicit disposition of his pending motions was erroneous. *See generally In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (recognizing an implicit ruling on a request for a bench warrant where the trial court proceeded to trial without issuing a bench warrant or issuing a ruling); *Clemons v. Citizens Med. Ctr.*, 54 S.W.3d 643, 468 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) (holding trial court implicitly denied a motion for continuance when it granted a summary judgment motion); *see also Suniverse, LLC v. Universal Am. Mortg. Co.*, No. 09-19-00090-CV, 2021 WL 632603, at *8 (Tex. App.—Beaumont Feb. 18, 2021, pet. denied) (mem. op.) ("When a court fails to rule on a motion but takes other action inconsistent with what the motion requests, the motion is implicitly overruled."). Browder fails to provide us with argument,

13

analysis, or authorities that make this appellate complaint viable. *See Howell v. T S Commc'ns, Inc.*, 130 S.W.3d 515, 518 (Tex. App.—Dallas 2004, no pet.); *Santillan*, 166 S.W.3d at 824.

By failing to adequately brief this issue, Browder has waived our review of it. *See Washington*, 362 S.W.3d at 854; *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied). We thus overrule Browder's third issue.

## IV.    ATTORNEY'S FEES

In his fourth issue, Browder argues that the "[t]rial [c]ourt erred in [g]ranting [d]ouble [a]ttorney's fees by signing two separate judgments with fees attached for the same case which would double the attorney's fees on record" in violation of Texas Disciplinary Rule of Professional Conduct 1.04(a). *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04(a), *reprinted in* TEX. GOV'T ANN., tit. 2, subtit. G, app. A (prohibiting lawyers from entering into unconscionable fee arrangements).

On November 1, 2023, the trial court signed an order granting Habitat's no-evidence motion for summary judgment and a separate order granting Habitat's traditional motion. Each order contains a provision granting Habitat $17,347.50 in attorney's fees. Browder argues that the two signed judgments make him liable for two separate awards of $17,347.50. However, at the summary judgment hearing, Browder's counsel and Habitat's counsel agreed that the signing of both orders would only result in a single award of $17,347.50:

| | |
|---|---|
| THE COURT: | So I guess my first question is, if I grant . . . both of them, does that give double the attorney fee? |
| [Habitat's counsel]: | It shouldn't. . . . I certainly know we're not going to be . . . recover[ing] twice. . . . I think ultimately we still only recover the one amount of attorney's |

14

> fees.
>
> THE COURT:                    [Browder's counsel], your thoughts?
>
> [Browder's counsel]:          Yeah, I'm in agreement with that. I . . . see that as appropriate, and we wouldn't object to the fees.

Furthermore, Browder's briefing on this issue consists of one three-sentence paragraph that briefly cites to the Texas Disciplinary Rule of Professional Conduct and a conclusory allegation of error but otherwise fails to cite any case law or authority on the issue. Browder's brief fails to provide us with argument, analysis, or authorities that make this appellate complaint viable. *See Howell*, 130 S.W.3d at 518; *Santillan*, 166 S.W.3d at 824. By failing to adequately brief this issue, Browder has waived our review of it. *See Washington*, 362 S.W.3d at 854; *Sullivan*, 943 S.W.2d at 486.

Browder also argues that the trial court's granting of Guerra's withdrawal violates the Fourteenth Amendment. The issue is not preserved for our review because Browder failed to raise a constitutional objection at trial, *see Holden*, 456 S.W.3d at 653, and only cited to the Constitution without any legal analysis. *Santillan*, 166 S.W.3d at 824. We thus overrule Browder's fourth issue.

## V.    WITHDRAWAL OF ATTORNEY

In his fifth issue, Browder complains that the trial court erred when it granted Guerra's motion for withdrawal of counsel because Guerra failed to comply with the requirements of Texas Rule of Civil Procedure 10. *See* TEX. R. CIV. P. 10. Browder argues he did not agree to withdrawal as stated in Guerra's motion, he was prejudiced by the improper release of Guerra, and he was unprepared to file a summary judgment response.

## A. Preservation

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling. TEX. R. APP. P. 33.1(a)(1)(A). If a party fails to do this, error is not preserved and the complaint is waived. *Singh v. Trinity Mktg. & Distrib. Co.*, 397 S.W.3d 257, 264 (Tex. App.—El Paso 2013, no pet.).

Here, Browder did not raise any complaint in the trial court regarding Guerra's withdrawal as counsel. Thus, Browder has not preserved for our review any complaint regarding Guerra's withdrawal. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Harrison v. Reiner*, 607 S.W.3d 450, 464 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (holding that appellant's complaints on appeal related to her counsel's withdrawal were waived because she did not raise the complaints in the trial court); *see also In re A.T.*, No. 05-16-00539-CV, 2017 WL 2351084, at *7 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op.) (holding that father waived complaint that his counsel's withdrawal did not comply with Texas Rule of Civil Procedure 10 by not presenting it to the trial court).

## B. Harmless Error

Even if Browder had preserved his complaint, and assuming without deciding that the trial court's granting of Guerra's withdrawal was erroneous, we determine that such error would be harmless. We review the granting of a motion to withdraw for an abuse of discretion. *Gillie v. Boulas*, 65 S.W.3d 219, 221 (Tex. App.—Dallas 2001, pet. denied). A court abuses its discretion when it grants a motion to withdraw that does not comply with the mandatory requirements of Rule 10. *Id*. However, "such error may be harmless if the court allows the party time to secure new counsel and time for the new counsel to

16

investigate the case and prepare for trial." *Id*. (citing *Walton v. Canon, Short & Gaston*, 23 S.W.3d 143, 149 (Tex. App.—El Paso 2000, no pet.)).

Here, the trial court granted Guerra's motion to withdraw on May 9, 2022. About three months later on August 11, 2022, attorney Javier Martinez filed an appearance as attorney of record for Browder and proceeded to represent Browder for the remainder of the case. Habitat's motions for summary judgment were not filed until May 23, 2023—more than one year after Guerra's withdrawal and more than nine months after Martinez made his appearance. Even assuming there were deficiencies in Guerra's withdrawal, Browder had sufficient time to find new counsel—which he did—and to adequately prepare his summary judgment responses. *See Gillie*, 65 S.W.3d at 222 (holding that four months' time to obtain new counsel and prepare for trial made deficient Rule 10 withdrawal harmless); *Villegas v. Carter*, 711 S.W.3d 624, 626–27 (Tex. 1986) (finding harmful error when granting attorney's withdrawal two days before trial and denying plaintiff's motion for continuance); *Moss v. Malone*, 880 S.W.2d 45, 51 (Tex. App.—Tyler 1994, writ denied) (finding harmful error when granting attorney's withdrawal a day before trial but opining that two months' time to find counsel and prepare for trial may "significantly alter" the equities).

Because Browder was represented by Martinez three months after Guerra's withdrawal and had nine months with his new counsel before the motions for summary judgments were filed, we hold that any error in the trial court's grant of Guerra's withdrawal was harmless. *See Gillie*, 65 S.W.3d at 222. We thus overrule Browder's fifth issue.

## VI.   CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
11th day of December, 2025.